LOUIS A. PERRAS, JUNIOR, *vs.* ROBERT DESMOND. November 29, 1955. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court denying a motion to frame jury issues in the matter of the proof of the will of Elizabeth M. Desmond. The motion was heard upon statements of expected evidence by counsel for the contestants and by counsel for the proponent. The only issue now argued is that the execution of the will was procured by the fraud or undue influence of Louis C. Dupuis or Rose Dupuis. Considering the whole record and giving the decision of the judge the weight to which it appears to be entitled, we think that there was no error. *Fuller* v. *Sylvia*, 240 Mass. 49. *Hannon* v. *Gorman*, 296 Mass. 437. This is not a case where Louis C. Dupuis and Rose Dupuis were the only beneficiaries, not merely nominal, under the will. Any statements of theirs tending to indicate that they had procured the will by unlawful means would not be evidence of the fact against other legatees. *Shailer* v. *Bumstead*, 99 Mass. 112, 128. *McConnell* v. *Wildes*, 153 Mass. 487, 489. *Gorham* v. *Moor*, 197 Mass. 522, 525. *Old Colony Trust Co.* v. *Di Cola*, 233 Mass. 119, 123. *Becker* v. *Becker*, 238 Mass. 362, 366. *McMann* v. *Murphy*, 259 Mass. 397, 400.

*Gerald P. Walsh*, for the contestant.
*Harry A. Lider*, for the proponent.

LOUIS COMEAU & another *vs.* DONALD HARRINGTON & another. November 30, 1955. Exceptions overruled. This is an action of tort for personal injuries and property damage arising out of a collision on a public highway between an unregistered automobile of the female plaintiff operated by the male plaintiff and an automobile of the female defendant operated negligently, but not in a wilful, wanton, or reckless manner, by the male defendant. The judge directed verdicts for the defendants. The plaintiffs excepted, and urge us to overrule the doctrine first enunciated by this court in *Dudley* v. *Northampton Street Railway*, 202 Mass. 443. See *Dean* v. *Leonard*, 323 Mass. 606, 609. The doctrine has been called "unique." 62 Harv. L. Rev. 525. It has been very generally criticised. See, for example, Prosser, Torts (2d ed.) 162; cases collected in notes in 16 A. L. R. 1108, 54 A. L. R. 374, and 163 A. L. R. 1375. As an original proposition, it could hardly find favor with us today. The rule, however, has stood for more than forty-six years without repeal by the Legislature. Some of us would prefer to overrule the *Dudley* case, but the majority of the court think that its termination should be at legislative, rather than at judicial, hands. *Bursey's Case*, 325 Mass. 702, 706-707.

*Thomas F. Daley, Jr.*, (*Harry J. Williams* with him,) for the plaintiffs.
*Daniel A. Lynch*, (*Jeremiah F. Murphy* with him,) for the defendants.