LOWE'S OF WINSTON-SALEM, INC. v. MORRIS JULIAN THOMP-
SON AND MARY KATHRYN THOMPSON

No. 7521DC169

(Filed 4 June 1975)

**Rules of Civil Procedure § 52; Trial § 58— nonjury trial — failure to find
facts**

    In an action to recover for building materials used by a builder
    in the construction of a house for defendants which was tried upon
    the facts by the court without a jury, the trial court's statements in
    its order dismissing plaintiff's claim that plaintiff had failed to carry
    its burden of proof and that defendants were not indebted to plaintiff
    were not findings of fact within the meaning of G.S. 1A-1, Rule
    52(a)(1), and the court erred in dismissing the claim without making
    findings of fact determinative of the issues raised at the trial.

APPEAL by plaintiff from *Leonard, Judge.* Judgment en-
tered 2 December 1974 in District Court, FORSYTH County.
Heard in the Court of Appeals 6 May 1975.

This is a civil action instituted by the plaintiff against
the defendants alleging that various building materials were
sold on open account to a construction company for use in the
construction of a house owned by defendants. Plaintiff's com-
plaint further alleges that said construction company became
unable to pay for said materials, and that it reached an agree-
ment with defendants for payment of said materials. Defendants
filed answer denying plaintiff's allegations. Trial was had with-
out jury. Both plaintiff and defendants offered evidence. At the
conclusion of the presentation of the evidence, the trial court
entered an order in pertinent part as follows:

    "[A]nd it appearing to the court and the court, after read-
    ing the pleadings, hearing testimony and arguments of
    counsel, finds that plaintiff has failed to carry its burden
    in proving the obligation of defendants for money due; and
    it further appearing to the court that the issue and answer
    raised by the pleadings and testimony should be as follows:

    Are the defendants indebted to the plaintiff?

Answer: No;

    And it further appearing therefore that this action
should be dismissed:

    It is therefore ORDERED, ADJUDGED AND DECREED that
this action should be and the same is hereby dismissed,

Lowe's v. Thompson

and the plaintiff shall have and recover nothing of the defendants."

Plaintiff appealed.

*Drum and Liner by Bruce C. Fraser for plaintiff appellant.*

*Nelson, Clayton & Boyles by Laurel O. Boyles for defendant appellees.*

HEDRICK, Judge.

G.S. 1A-1, Rule 52(a)(1), Rules of Civil Procedure provides: "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment."

Plaintiff contends the trial court failed to make any findings of fact to support its order dismissing plaintiff's claim. We agree.

The pleadings raise genuine issues of material fact. Even though the record before us does not contain the evidence offered at trial, it is clear that the case was "tried upon the facts", that both parties offered evidence, and that the court considered such evidence in arriving at its order dismissing plaintiff's claim. Thus, under the circumstances here presented, the trial judge's statements that the plaintiff had failed to carry its burden in proving the obligation of defendants for money due and that the defendants were not indebted to the plaintiff in any amount are not findings of fact within the meaning of Rule 52(a)(1). See *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973). Because the trial judge failed to make findings of fact determinative of the issues raised at trial, we cannot ascertain whether he applied appropriate principles of law in entering the order appealed from.

For the reasons stated, the order is vacated and the clause is remanded to the district court for a

New trial.

Chief Judge BROCK and Judge MORRIS concur.