RICHARD ELDON KRAEMER v. ROBIN R. MOORE, D/B/A MOORE MOTOR COMPANY

No. 833SC435

(Filed 3 April 1984)

Insurance § 79— use of dealer tag by salesman—dealer not insurer of salesman

Defendant automobile dealer did not become an insurer of a salesman to whom he loaned a dealer tag so as to be liable for injuries to plaintiff where the dealer permitted the salesman to use the dealer tag to bring unsold vehicles from the salesman's closing dealership to defendant's car lot to be sold; the salesman placed the dealer tag on his personally-owned truck; plaintiff was injured when a ladder fell from the truck; the salesman did not get permission from defendant to use the tag on his truck; there was no showing that defendant caused or permitted the salesman to use the dealer tag in violation of G.S. 20-79(d); and there was no evidence that use of the dealer tag was a proximate cause of plaintiff's injuries.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 14 December 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 8 March 1984.

*Barker, Kafer & Mills by James C. Mills for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog by Paul L. Cranfill; and James, Hite, Cavendish & Blount by M. E. Cavendish for defendant appellee.*

BRASWELL, Judge.

The present appeal raises the novel question of whether a licensed automobile dealer becomes the insurer of an individual to whom he loans a dealer tag. The trial court, by granting the defendant's motion for a directed verdict, ruled that use of the dealer tag did not make the defendant an automobile liability insurance carrier. We must agree.

On Sunday, 6 May 1979, the plaintiff was walking across the Pamlico River Bridge near Washington, North Carolina, on Highway 17 in a southerly direction. Charles Toler, in a 1965 Chevrolet pickup truck, drove across the bridge in a northerly direction. A ladder which Toler had attached to the truck with an elastic cord became unfastened, flew off the truck and struck the plaintiff in the head.

Toler, who worked for the defendant, had obtained the ladder from the defendant's business in order to do some work around his house, but testified at trial that the defendant did not know that he was using the ladder nor did he instruct him on how to load the ladder on the truck.

The title to the pickup truck was in Toler's wife's name, and on the day of the accident he was using a dealer tag on the truck which the defendant had given him. The truck, as Toler's personal vehicle, was not covered under any automobile liability insurance and Toler had not yet purchased 1979 registration plates for the truck.

At trial, Toler testified that he had previously been a car dealer before he had gone to work for the defendant. When Toler closed his dealership, the defendant allowed Toler to bring any

unsold vehicles to his dealership where they were later sold. Toler stated that the defendant had given him several dealer tags to use "on my vehicles when I came to work for him . . . and I used them on one pickup truck." He further testified that the defendant had stated that "his liability insurance would cover the transporting of the vehicle," meaning each vehicle Toler had left to sell from his own automobile business. Toler related that although he had a dealer tag on the truck the whole time that he owned it, he did not know whether the defendant knew that he had a dealer tag on the truck or not.

The plaintiff in the present case has previously been awarded a $45,000.00 judgment against Toler for the injuries he sustained due to Toler's negligence on the Pamlico River Bridge. As of the time the plaintiff brought this action against the defendant, this judgment against Toler remained unsatisfied.

The ultimate issue to be determined in this case is whether the defendant's motion for a directed verdict was properly granted. The scope of our review, derived from G.S. 1A-1, Rule 50(a), is "whether the evidence, when considered in the light most favorable to plaintiff, was sufficient for submission to the jury." *Kelly v. Harvester Co.*, 278 N.C. 153, 157, 179 S.E. 2d 396, 397 (1971). In the present case, the motion was properly granted if the defendant failed to produce some evidence to support a *prima facie* case in all its constituent elements of the defendant's liability for the plaintiff's injuries. *Jones v. Allred*, 64 N.C. App. 462, 307 S.E. 2d 578 (1983).

The novelty in this case stems from the fact that the plaintiff's suit is not based on an agency theory, but on the premise that the defendant by lending Toler a dealer tag has become an insurance carrier. We realize that under the particular facts of this case an attempt to establish liability on agency principles would have been futile. Toler testified at trial that (1) the truck was his personal vehicle, (2) he picked up the ladder to do some work for his "own personal benefit," (3) the defendant did not help him load the ladder or select the binding, and (4) the defendant did not know that Toler was operating the truck that Sunday nor had knowledge that Toler had a dealer tag on his truck. Therefore, even though Toler was the defendant's employee, the defendant would not be liable for Toler's tort under any theory of

*respondeat superior* because Toler was acting on an errand of his own and not on behalf of the defendant as his employer. *Wegner v. Delicatessen*, 270 N.C. 62, 153 S.E. 2d 804 (1967).

The plaintiff, rather than assert a futile agency argument, contends that the defendant is liable under an insurance theory. He argues that the defendant by stating his insurance would cover some of Toler's activities has assumed the role of Toler's insurer. G.S. 58-3 defines an insurance contract as "an agreement by which the insurer is bound to pay money or its equivalent or to do some act of value to be insured upon, and as an indemnity or reimbursement for the destruction, loss, or injury of something in which the other party has an interest." An insurance contract, like other contracts, is based upon an offer and acceptance supported by sufficient consideration. *Belk's Department Store v. Insurance Co.*, 208 N.C. 267, 180 S.E. 63 (1935). From Toler's testimony, there is no evidence that the defendant, based on valuable consideration, agreed to insure Toler. His testimony instead indicates that as a salesman for the defendant he was given dealer tags so he could demonstrate and allow customers to drive the cars for sale, that the defendant let Toler use the tags to bring the unsold vehicles from his closing dealership to the defendant's car lot to be sold, and that Toler did not get permission from the defendant to use a dealer tag on his personally-owned truck. Because there is no evidence of a bargained-for exchange wherein both parties intended that the defendant would insure the use of Toler's personal vehicle, we hold that the defendant cannot be held liable as Toler's insurance carrier.

In the past, under what is termed the "Massachusetts doctrine," automobile dealers who unlawfully loaned a dealer tag to another for use on an unregistered automobile was deemed an aider and abetter in the creation of a highway nuisance and held liable for any injuries sustained in a collision with the vehicle. 14 Blashfield Automobile Law and Practice § 469.8 (3d ed. 1969). Today, the "Massachusetts doctrine" does not prevail as the general rule. *Id.* at §§ 469.2, 469.8 (Supp. 1983). *See generally, Comeau v. Harrington*, 333 Mass. 768, 130 N.E. 2d 554 (1955). Many jurisdictions, including North Carolina and now Massachusetts, have safety statutes which make it unlawful for a dealer to permit any person or employee to operate a vehicle for personal use with a "dealer" plate attached. *See* G.S. 20-79(d); *Blashfield, supra,* at

§ 469.2 (Supp. 1983). Nevertheless, because of the lack of causal connection between the statutory violation of lending the plates and the accident, dealers are not liable for the plaintiff's injuries. *Blashfield, supra*, at § 469.8 (3d ed. 1969). Even though the violation of this motor vehicle traffic regulation may constitute negligence *per se* under G.S. 20-176(a), the violation is not actionable unless it is the proximate cause of the injury. *Ratliff v. Power Co.*, 268 N.C. 605, 151 S.E. 2d 641 (1966). The plaintiff's evidence through Toler's testimony fails to show that the defendant caused or permitted Toler to unlawfully use the dealer tag in violation of G.S. 20-79(d). His evidence also fails to show that the use of the dealer tag was a proximate cause of his injuries. Because the plaintiff has made no *prima facie* showing on which to base the defendant's liability, we hold the defendant's motion for a directed verdict was properly granted.

Affirmed.

Judges ARNOLD and WELLS concur.