CHLORIDE, INC. v. COY E. HONEYCUTT

No. 8419SC452

(Filed 18 December 1984)

**Rules of Civil Procedure § 52.1— findings of fact—recapitulation of testimony—insufficient**

      The court did not comply with G.S. 1A-1, Rule 52(a)(1) where the findings of fact, other than three jurisdictional type findings, consisted of recapitulations of the testimony of the witnesses and of the exhibits produced by both parties, and the conclusions of law consisted of statements that plaintiff failed to carry its burden of proof on various issues.

APPEAL by plaintiff from *Rousseau, Judge.* Judgment entered 21 December 1983 in Superior Court, CABARRUS County. Heard in the Court of Appeals 7 December 1984.

This is an action to recover the amount due on an alleged contract between plaintiff and defendant. At the conclusion of the bench trial, the court entered judgment for the defendant.

*Williams, Boger, Grady, Davis & Tuttle, P.A., by Samuel F. Davis, Jr., and Brice J. Willeford, Jr., for plaintiff-appellant.*

*Cecil R. Jenkins, Jr., for defendant-appellee.*

JOHNSON, Judge.

Plaintiff contends that the court erred by failing to make specific findings of fact as required by G.S. 1A-1, Rule 52(a)(1). We agree. Other than three jurisdictional-type fact findings, the court's "findings of fact" in the present case consisted of recapitulations of the testimony of the witnesses and of the exhibits, produced by both parties. The court's "conclusions of law"

consisted of statements that plaintiff failed to carry its burden of proof on various issues.

G.S. 1A-1, Rule 52(a)(1) provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." The court must itself determine what facts are established by the evidence rather than merely reciting what the evidence may tend to show. *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980); *Davis v. Davis*, 11 N.C. App. 115, 180 S.E. 2d 374 (1971). As we noted in a footnote in *Kraemer v. Moore*, 67 N.C. App. 505, 505, 313 S.E. 2d 610, --- (1984), "recitations of the testimony of each witness *do not* constitute *findings of fact* by the trial judge, because they do not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." It is not for us, as an appellate court, to determine the weight and credibility to be given evidence in the record. *Coble v. Coble, supra*. Rather than resolving conflicts in the evidence, the court's findings in the present case create conflicts. The court's statements that plaintiff failed to carry its burden of proof do not rescue its findings. *See Lowe's v. Thompson*, 26 N.C. App. 198, 214 S.E. 2d 813 (1975).

Without proper findings of fact, we cannot perform our review function even though there may be evidence to support the judgment. *Farmers Bank v. Brown Distributors*, 307 N.C. 342, 298 S.E. 2d 357 (1983). The judgment must, therefore, be vacated and the cause remanded for a new trial so that the court can make proper findings of fact and conclusions of law based thereon. *Id.*

Vacated and remanded.

Judges BECTON and BRASWELL concur.