IN THE MATTER OF: ANTHONY DONTA WHITE AND VERNON BERNARD WHITE, MINOR CHILDREN

No. 8526DC1231

(Filed 3 June 1986)

1. **Parent and Child § 1.5— termination of parental rights—bifurcated hearing not required**

   The trial court was not required to conduct two separate hearings for the adjudication and disposition stages of a proceeding to terminate parental rights.

2. **Parent and Child § 1.6— termination of parental rights for neglect—effect of payments by respondent**

   The trial court's findings of neglect under N.C.G.S. § 7A-289.32(2) were not invalidated by the fact that respondent made some payments to DSS for support of his children after the children were placed in foster care. Furthermore, the court was not required to make findings as to respondent's ability to pay where the order of termination was based upon neglect and not failure to pay a reasonable portion of the cost of child care pursuant to N.C.G.S. § 7A-289.32(4).

3. **Parent and Child § 1.6— failure to establish parental relationship—sufficient evidence**

   The evidence in a proceeding to terminate parental rights was sufficient to support the trial court's finding that respondent had failed to establish a parental relationship with the children.

4. **Parent and Child § 1.6— termination of parental rights—inability to provide proper care—sufficient evidence in findings**

The trial court's finding that respondent does not have the ability to provide proper care, supervision and discipline for his children was supported by a psychologist's testimony. Furthermore, the trial court did not merely recite the psychologist's testimony in its findings relating thereto but weighed and evaluated the testimony and found specific facts therefrom.

5. **Parent and Child § 1.6— termination of parental rights—neglect up to time of hearing**

The trial court did not base its decision terminating respondent's parental rights only on evidence of neglect which occurred before the children were placed in foster care but properly considered evidence of conditions existing up to the time of the hearing. The overwhelming evidence supported the court's findings that respondent had neglected his children up to the time of the initial order granting custody to DSS and that such neglect continued until the time of the termination hearing, including respondent's lack of visitation, his present inability to parent the children, and his failure to provide a living environment suitable for the children.

APPEAL by respondent Vincent Grier from *Harris, Resa L., Judge.* Orders entered 23 April 1985 in District Court, MECKLENBURG County. Heard in the Court of Appeals 5 March 1986.

On 21 March 1984, the Mecklenburg County Department of Social Services filed juvenile petitions alleging that Anthony Donta White and Vernon Bernard White were neglected. By order of the District Court, dated 23 March 1984, the children were placed in the custody of DSS. The petitions were served upon respondents Ola Mae White, the mother of the children, and Vincent Grier, their father. After a hearing on 10 April 1984, the children were adjudged to be neglected as defined by G.S. 7A-517(21). Additional review hearings were conducted on 4 June 1984 and 5 November 1984. On 29 November 1984, DSS filed petitions to terminate the parental rights of Ms. White and Mr. Grier. Hearings were conducted on 26 March, 22 April and 23 April 1985 and, at the conclusion of those hearings, Judge Harris entered separate, but virtually identical, orders terminating respondents' parental rights with respect to each child. Respondent Vincent Grier appeals from those orders; respondent Ola Mae White did not appeal.

*Badger, Johnson, Chapman & Michael, by Ronald L. Chapman for respondent appellant.*

*Ruff, Bond, Cobb, Wade & McNair by Moses Luski and William H. McNair for petitioner appellee.*

MARTIN, Judge.

On appeal respondent Grier assigns error to procedures followed by the District Court, to several of its findings of fact, and to its failure to find other facts. Respondent also contends that the findings are insufficient to support the court's conclusions of law and its orders terminating his parental rights. After reviewing each of his assignments of error, we conclude that the orders should be affirmed.

The evidence established that Vincent Bernard White was born on 24 April 1978 and Anthony Donta White was born on 22 December 1979. Their mother, Ola Mae White, has never been married to respondent Grier, their father, nor have Ms. White and Grier ever lived together. From birth until March 1984, the children have been primarily in the care of their mother, with the exception of a brief period in 1983 when they resided with respondent Grier's sister. Contact between respondent Grier and the children was sporadic and he provided little, if any, support for them. He has never provided a home for them.

In May 1983, Ola Mae White and the children moved into an apartment with Ms. White's boyfriend, Roscoe Simpson. Simpson abused alcohol and drugs and engaged in violent behavior toward Ms. White and the children. Ms. White drank excessively and basically neglected the children. Although respondent Grier was living in Charlotte and was aware of the environment in which the children were living, he took no action to remove them therefrom.

After custody of the children was placed in DSS in March 1984, respondent Grier informed the court that he wished to establish a relationship with the children. He provided some child support, though not in the amount ordered by the court. From June 1984 until October 1984, respondent Grier made only limited contacts with DSS. In October 1984, he requested visitation privileges, however he appeared at only seven of the ten scheduled visits, and only four of the visits lasted for the full allotted time.

[1] By his first assignment of error, respondent Grier contends that the trial court erred by refusing to conduct a bifurcated hearing. He argues that a termination proceeding should be conducted in two separate hearings; the first to determine whether grounds for termination exist and, if so, a second hearing to determine whether termination is in the best interests of the children.

Our Supreme Court has recognized that a termination proceeding involves a two-stage process; the adjudication stage which is governed by G.S. 7A-289.30, and a disposition stage which is governed by G.S. 7A-289.31. *In re Montgomery*, 311 N.C. 101, 316 S.E. 2d 246 (1984). At the adjudication stage, petitioner is required to prove the existence of grounds for termination, listed in G.S. 7A-289.32, by "clear, cogent and convincing evidence," G.S. 7A-289.30(e), while at the disposition stage, the court's decision as to whether to terminate parental rights is discretionary. *Id.* However, although the court is required to apply different evidentiary standards at each of the two stages, we discern no requirement from the statutes or from *Montgomery* that the stages be conducted at two separate hearings. Moreover, since a proceeding to terminate parental rights is heard by the judge, sitting without a jury, it is presumed, in the absence of some affirmative indication to the contrary, that the judge, having knowledge of the law, is able to consider the evidence in light of the applicable legal standard and to determine whether grounds for termination exist before proceeding to consider evidence relevant only to the dispositional stage. *See* 1 H. Brandis, North Carolina Evidence § 4a (2d rev. ed. 1982). The trial court did not err in denying respondent Grier's motion for a bifurcated hearing.

By his second assignment of error, respondent Grier contends that the evidence presented to the trial court was insufficient to support certain of its findings of fact. In reviewing the contested findings, the question presented to us is whether they are supported by clear, cogent and convincing evidence. *In re Montgomery, supra.* If so, they are binding upon us, even though there may be evidence to the contrary. *Id.*

Each order of termination of parental rights contains forty-one identical and correspondingly numbered findings of fact. Of these, respondent Grier has excepted to eight. He concedes, how-

ever, that there was sufficient competent evidence to establish that he had neglected his children prior to March 1984, when the original petitions alleging neglect were filed by DSS, and abandons his exceptions to the findings which deal with events or conduct occurring before the petitions were filed. He argues that the evidence is insufficient to support the trial court's findings with respect to events occurring after the initial court involvement.

[2] The trial court found that respondent Grier did not request any visitation with the children from 23 March 1984, when they were placed in foster care, until 3 October 1984. According to the record, at a review hearing on 4 June 1984 respondent Grier expressed a desire to establish a relationship with his children. The court ordered that both parents visit with the children at least every other week. Notwithstanding those facts, Bob Cochran, the social worker assigned to the case, testified that respondent Grier did not contact him about visiting the children until 3 October 1984. Mr. Cochran's testimony is sufficient to support the court's finding with respect to visitation.

The trial court also found

32. That the respondent Vincent Bernard Grier has never provided a home for this child and his brother, but has relied upon the respondent Ola Mae White, Beverly Grier, and the Department of Social Services to provide the child and his brother a home, food, clothing, medical care and other essentials.

Respondent Grier contends that although the evidence supports this finding with respect to his conduct before March 1984, it is fatally flawed in that it does not take into account the fact that he made support payments to DSS after June 1984, and contains no findings as to his ability to pay. We have recognized that where parental rights are terminated on the grounds that the parent has failed to pay a reasonable portion of the cost of child care, pursuant to G.S. 7A-289.32(4), the parent's ability to pay is controlling. *In re Bradley*, 57 N.C. App. 475, 291 S.E. 2d 800 (1982). In the present case, the orders for termination are grounded upon neglect, G.S. 7A-289.32(2), involving more than a mere lack of financial support after the children had been placed in foster care. The evidence discloses that respondent has never provided a home or other essentials for these children throughout their en-

tire lifetime and that he has basically depended upon others to do so. The fact that after the children were placed in foster care, respondent made some payments to DSS for their support does not invalidate the court's findings of neglect, under G.S. 7A-289.32(2). Since the petitions did not allege, and the court did not find, that respondent had not paid a reasonable portion of the cost of child care while the children were in foster care, G.S. 7A-289.32(4), the court was not required to make findings as to his ability to pay.

[3] Respondent Grier advances a similar argument in support of his exception to the trial court's finding of fact:

> 37. That the respondent Vincent Grier has, during the life of this child, deliberately and willfully failed to actively participate in parenting this child and has deliberately and willfully refused to perform the natural and legal obligation of parental care and support; and that the respondent Vincent Grier has failed to establish a parental relationship with the child, and withheld from the child his presence, his love, his care, and the opportunity to display filial affection.

Although conceding that the evidence is sufficient to support this finding with respect to his conduct prior to March 1984, respondent Grier contends that the finding ignores both his financial contribution and his other efforts after the children were placed in foster care. We disagree. The issue of financial support has previously been addressed. With respect to the issue of respondent Grier's efforts to establish a parental relationship, the evidence disclosed that in the year following the placement of the children in DSS custody, respondent Grier visited them only seven times. During these visits, according to the testimony of Mr. Cochran, "there was no physical interaction and very little verbal interaction other than an occasional command to stop running around or quiet down, that sort of thing, but very little interaction as far as affection or emotional exchange." Respondent's exception to this finding of fact is overruled.

[4] Respondent Grier also excepts to the following finding of fact:

> 29. That the respondent Ola Mae White and the respondent Vincent Bernard Grier do not have the ability to parent this

child and his brother, nor to provide proper care, supervision and discipline for these children at this time; and that the prognosis for either respondent to develop the ability or desire to adequately parent these children is very poor.

Respondent contends that because the finding cites no instances of misconduct or an absence of appropriate behavior on his part, it is conclusory. The court is not required to find all the evidentiary facts presented at the hearing; it is only required that the court specifically find the ultimate facts proven by the evidentiary facts. *Farmers Bank v. Michael T. Brown Distribs., Inc.*, 307 N.C. 342, 298 S.E. 2d 357 (1983). The evidentiary facts which support the ultimate facts found in Finding of Fact 29 are contained in the testimony of Dr. Combs, the psychologist who examined respondent Grier. Dr. Combs testified that respondent Grier possessed very minimal parenting skills, had borderline intelligence and provided no structure for the children during visitation. Other evidence indicated that the children have exceptional problems caused primarily by their previous environment, and require a structured, positive and supportive environment. Considering the problems, Dr. Combs did not feel that either parent could develop the skills necessary to care for the children adequately.

In a related exception and assignment of error, respondent Grier contends that the court merely recited the testimony of Dr. Combs in its findings related thereto. He contends, citing *Chloride, Inc. v. Honeycutt*, 71 N.C. App. 805, 323 S.E. 2d 368 (1984), that such recitation is insufficient because it does "not reflect a conscious choice between the conflicting versions of the incident in question which emerged from all the evidence presented." *Id.* at 806, 323 S.E. 2d at 369 (quoting *Kraemer v. Moore*, 67 N.C. App. 505 n. 1, 313 S.E. 2d 610 n. 1 (1984)). While respondent's statement of the law is accurate, his application of it to this case is misplaced. In *Chloride*, the trial court's findings amounted to no more than a recapitulation of the testimony of each witness, which created conflicts rather than resolving them, and did not reflect that the court had determined the weight or credibility to be accorded any of the testimony. In the present case, rather than simply reciting Dr. Combs' testimony, the court found specific facts therefrom, indicating that the court weighed and evaluated the testimony and accepted Dr. Combs' opinions. This assignment of error is without merit.

Respondent Grier excepts to two findings of fact made by the trial court on the grounds that they are, in reality, conclusions of law. The findings complained of are:

31. That the respondent Ola Mae White and the respondent Vincent Bernard Grier have failed to provide proper care, supervision, and discipline for this child.

. . . .

39. That the respondent Vincent Grier has failed to provide proper care, supervision, and discipline for the child at any time since the child's birth and has made no significant attempt to establish a genuine parental relationship with the child.

Assuming, without deciding, that the foregoing findings involve a mixed application of the statutory definition of "neglect," as contained in G.S. 7A-517(21), to the facts of the case, we review the other facts found by the court to determine if they are sufficient to support the conclusion that respondent Grier neglected his children. *See Jones v. Andy Griffith Products, Inc.,* 35 N.C. App. 170, 241 S.E. 2d 140, *disc. rev. denied,* 295 N.C. 90, 244 S.E. 2d 258 (1978). We hold that they are. Other specific findings of fact, some of which have been previously set out verbatim and others which were summarized at the beginning of this opinion, amply support the trial court's conclusion that respondent Grier has provided inadequate care, supervision and discipline for these children, within the statutory definition of neglect.

[5] Respondent Grier's final assignments of error relate to the trial court's failure to find certain facts which he contends were shown by competent evidence. We find no need to discuss several of the findings which he contends were omitted because they do not relate to the ground upon which the trial court terminated his parental rights, i.e., neglect, pursuant to G.S. 7A-289.32(2). However, one area raised by respondent Grier deserves discussion. Respondent Grier contends that the trial court did not consider, and failed to make findings upon, competent evidence that a change in circumstances had occurred between the time the children were initially placed in foster care and the time of the termination hearings.

Where termination of parental rights is sought upon allegations of neglect, the court may consider evidence of neglect occurring before custody has been taken from the parents, but termination may not be based solely on conditions of neglect which may have previously existed, but no longer exist. *In re Ballard,* 311 N.C. 708, 319 S.E. 2d 227 (1984). The court must also consider evidence of any change in condition up to the time of the hearing, but this evidence is to be considered in light of the evidence of prior neglect and the probability of repetition of neglect. *Id.*

In the present case, the court found, upon overwhelming evidence, that respondent had neglected his children up to the time of the initial order granting custody to DSS. The court also made findings as to continuing neglect up until the time of the termination hearing, including respondent's lack of visitation, his present inability to parent the children, and his failure to provide a living environment suitable for the children. Though respondent Grier offered evidence to the contrary, the court's findings indicate that the court considered the evidence of conditions existing up to the time of the hearing, considered that evidence in the light of respondent's previous performance, and resolved the conflicts between the evidence offered by petitioner and that offered by respondent. The findings are supported by clear, cogent and convincing evidence and are binding on us. *In re Montgomery, supra.*

The court's findings of fact amply support its conclusions that grounds for termination of parental rights by reason of neglect existed as of the dates of the hearings and orders, and its conclusions that the best interests of the children required that respondent Grier's parental rights be terminated. The orders appealed from are

Affirmed.

Judges BECTON and JOHNSON concur.