FRANCES HUFFMAN, ROGER D. KENNEDY, MARILYN DAWN KIDD, THOMAS P. MARSH, FRANKIE McCASKILL, DEBORAH K. ROGERS, and SHARON P. SCOTT, EMPLOYEES, PLAINTIFFS
v.
MOORE COUNTY, EMPLOYER; SEDGWICK OF THE CAROLINAS, INC., CARRIER, DEFENDANTS.
No. COA06-758
North Carolina Court of Appeals
Filed June 19, 2007
This case not for publication
George W. Lennon, for Plaintiffs-appellants.
Teague, Campbell, Dennis, & Gorham, L.L.P., by George W. Dennis III and J. Matthew Little, for Defendants-appellees.
WYNN, Judge.
The full Commission is charged with the duty of making ultimate findings of fact, and "recitations of the testimony of each witness do not constitute findings of fact."[1] Because the full Commission merely recited the testimony of witnesses on the issue of spoliation, we remand this matter for further findings.
The plaintiffs in this case are Frances Huffman, Roger D. Kennedy, Marilyn Dawn Kidd, Thomas P. Marsh, Frankie McCaskill, Deborah K. Rogers, and Sharon P. Scott, former Moore County employees who worked in the Community Services Building owned by the County. The defendants in this case are Moore County and its insurance carrier, Sedgwick of the Carolinas, Inc.
From February 1995 to April 1996, Plaintiffs filed workers' compensation claims alleging multiple effects of toxin exposure that occurred while they occupied the Community Services Building owned by Moore County. Defendants denied all of the claims on the basis that no injury occurred and Plaintiffs' complaints did not arise from causes and conditions characteristic of and peculiar to their respective employments to which members of the general public were not equally exposed.
Plaintiffs' claims were consolidated for hearing and heard before Deputy Commissioner Crystal R. Stanback on 22 August 2001 through 24 August 2001. Deputy Commissioner Stanback awarded Plaintiffs Scott, McCaskill, Kidd, Huffman, and Rogers permanent and total disability compensation at their respective compensation rates; and awarded Plaintiffs Marsh and Kennedy temporary total disability compensation at their respective compensation rates. Defendants' appeal to the full Commission resulted in an order denying Plaintiffs' claims. From that denial, Plaintiffs appeal to this Court. Plaintiffs raise several issues on appeal, but we reach only the issue regarding the Commission's failure to make proper findings of fact related to the issue of spoilation of relevant evidence.
Under North Carolina law, the full Commission is charged with the duty of making ultimate findings of fact, and "recitations of the testimony of each witness do not constitute findings of fact." Chloride, Inc. v. Honeycutt, 71 N.C. App. 805, 806, 323 S.E.2d 368, 369 (1984) (citation omitted) (emphasis in original).
Here, findings of fact number 27 and 28 relate to the issue of spoliation:
27. Bobby Lake, a Moore County HVAC technician, testified at the hearing before the Deputy Commissioner that he worked in the CSB but had no symptoms. He also testified that, although the HVAC had been set up so that there was no fresh air intake, some amounts of outdoor air could get into the building through the doors. He further testified that he never intentionally destroyed any materials, which could be considered evidence in this matter.
28. David McNeill, County Manager, also testified at the hearing before the Deputy Commission[er] that he had prepared a list of the names of all persons who had worked in the CSB. This list included 37 Moore County employees, including plaintiffs, Philip Boles and Alison Melvin, Assistant County Manager. Mr. McNeill testified that none of the plaintiffs ever personally requested that he maintain samples for testing of materials removed from the building.
(emphasis added). These findings show that the full Commission merely recited what Lake and McNeill testified to and did not make a "conscious choice between the conflicting versions of theincident in question which emerged from all the evidence presented."Id.
Without proper findings of fact, we cannot perform our function of reviewing the record to see if there is competent evidence to support the full Commission's findings of fact. Moreover, "[w]hen [a] matter is appealed to the full Commission . . . it is the duty and responsibility of the full Commission to decide all of the matters in controversy between the parties." Vieregge v. N.C. State University, 105 N.C. App. 633, 638, 414 S.E.2d 771, 774 (1992) (internal quotes and citation omitted). In this case, the full Commission failed to complete this task. Because the issue of spoliation was not resolved by the full Commission, we remand this matter to the full Commission for further findings.
Remanded.
Judges BRYANT and GEER concur.
Report per Rule 30(e).
NOTES
[1] Chloride, Inc. v. Honeycutt, 71 N.C. App. 805, 806, 323 S.E.2d 368, 369 (1984)(citation omitted) (emphasis in original).