SIMONE PRAVER, Plaintiff v. MICHAEL RAUS, Defendant

No. COA11-413

(Filed 17 April 2012)

**1. Divorce—separation agreement—not entered into under duress**

The trial court did not err in a domestic case by concluding that defendant was not acting under duress when he signed the separation agreement at issue. The trial court's findings of fact were supported by evidence.

**2. Divorce—breach of separation agreement—voluntary unemployment to suppress income**

The trial court did not err in a domestic case by concluding that defendant was in breach of the separation agreement. Defendant's argument that the evidence showed he lacked the ability to perform under the agreement was without merit where defendant presented evidence of an inability to pay but the trial court found, based on other evidence, that defendant was voluntarily unemployed with the intent of depriving the plaintiff of support.

**3. Divorce—separation agreement—argument abandoned—specific performance—inadequate remedy at law**

The trial court did not err in ordering specific performance of a separation agreement on the ground that the order contained no findings of fact regarding whether plaintiff fully complied with her obligations under the agreement. Defendant abandoned any claim that plaintiff breached the agreement and the Court of Appeals declined to address the argument. The matter was remanded for findings and conclusions as to whether plaintiff's remedy at law was inadequate with regard to the arrearages owed by defendant under the separation agreement.

**4. Attorney Fees—domestic case—separation agreement—inadequate findings of fact**

The trial court failed to make sufficient findings of fact to justify its award of attorney fees in a domestic case regarding the breach of a separation agreement. The matter was remanded.

Appeal by defendant from order entered 2 December 2010 by Judge Christy T. Mann in Mecklenburg County District Court. Heard in the Court of Appeals 10 October 2011.

*Leonard G. Kornberg for plaintiff-appellee.*

*Horack, Talley, Pharr & Lowndes, P.A., by Kary C. Watson, for defendant-appellant.*

GEER, Judge.

Defendant Michael Raus appeals the trial court's order requiring specific performance of the separation agreement he entered into with plaintiff Simone Praver. Mr. Raus contends on appeal that the trial court's findings of fact are inadequate to support its order of specific performance in that the trial court made no finding that Ms. Praver's remedies at law were inadequate. Mr. Raus has failed to distinguish between the order's requirement that he pay arrearages due under the agreement and its requirement that he make future payments as they come due. Under controlling Supreme Court authority, the trial court was required to make a finding that Ms. Praver had no adequate remedy at law with respect to the arrearages but not as to the prospective payments. Because we find Mr. Raus' remaining arguments unpersuasive, we affirm in part and reverse and remand in part for further findings as to the adequacy of Ms. Praver's remedies at law with respect to arrearages.

Facts

Ms. Praver and Mr. Raus were married 14 December 1985 and had three children. They separated on 10 January 2004 and entered into a separation agreement on 5 March 2004. The agreement provided, *inter alia,* for Mr. Raus (1) to pay child support in the amount of $1,500.00 per month from March 2004 until certain specified terminating events or upon a showing of a substantial change in circumstances under North Carolina law, and (2) to pay alimony in the amount of $4,500.00 per month from 1 July 2004 to 30 June 2014, as well as 30% of Mr. Raus' gross income over $240,000.00, unless specified terminating events occurred.

On 22 August 2006, Ms. Praver filed a verified complaint alleging that Mr. Raus had, in violation of the separation agreement, failed (1) to pay alimony and child support with a total past-due amount of $130,470.00; (2) to pay the children's orthodontic expenses; (3) to maintain $500,000.00 in life insurance on himself for the benefit of the

children's college education; and (4) to maintain life insurance equal to the remainder of his alimony obligation for Ms. Praver's benefit. Ms. Praver sought an order requiring specific performance of the separation agreement.

Mr. Raus filed an answer and counterclaim on 18 January 2007, asserting several affirmative defenses to enforcement of the separation agreement. Included among the affirmative defenses were Mr. Raus' claims that the separation agreement was the result of duress and undue influence and that throughout the lifetime of the agreement Mr. Raus had a continuous inability to perform his obligations under the agreement. In addition, Mr. Raus asserted a counterclaim seeking rescission of the agreement on the grounds that the agreement was procedurally and substantively unconscionable.

The trial court entered an order on 2 December 2010 concluding in pertinent part:

2. The Defendant breached the parties' separation agreement by failing to pay the monthly amounts owed for alimony and child support, by the greater weight of evidence.

3. The Defendant's [sic] was not under duress at the time he entered into this agreement. In addition, this agreement was neither procedurally or substantively unconscionable.

4. The Defendant has the means and ability to perform the support terms of this agreement at the time the agreement was entered into and currently.

5. The Defendant is voluntarily suppressing his income with the intent to deprive the Plaintiff of support.

6. The Defendant has the means and ability to specifically perform the terms and conditions of this agreement.

Based upon its conclusions of law, the trial court ordered Mr. Raus to pay $500.00 per month towards his alimony arrearages of $311,840.00 and his child support arrearages of $96,000.00. It further ordered Mr. Raus to pay $1,500.00 in child support and $4,500.00 in alimony by the first of each month, to pay $10,000.00 in Ms. Praver's attorney's fees, and to inform Ms. Praver and her counsel when he became employed so that his obligations could be satisfied by withholding. Mr. Raus timely appealed to this Court.

I

**[1]** Mr. Raus first contends that the trial court's findings of fact do not support its conclusion that Mr. Raus was not acting under duress when he signed the separation agreement. *See Fletcher v. Fletcher*, 23 N.C. App. 207, 210, 208 S.E.2d 524, 527 (1974) ("Duress may take the form of unlawfully inducing one to make a contract or to perform some other act against his own free will. It may be manifested by threats or by the exhibition of force which apparently cannot be resisted.").

When a trial court sits without a jury, we review "the trial court's findings of fact to determine whether they are supported by substantial evidence." *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). " 'Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* (quoting *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980)). If the trial court's findings of fact are supported by substantial evidence, then those findings " 'are conclusive on appeal if there is evidence to support them, even though the evidence might sustain findings to the contrary.' " *Pulliam v. Smith*, 348 N.C. 616, 625, 501 S.E.2d 898, 903 (1998) (quoting *Williams v. Pilot Life Ins. Co.*, 288 N.C. 338, 342, 218 S.E.2d 368, 371 (1975)).

In support of its conclusion that Mr. Raus was not under duress at the time he entered into the separation agreement, the trial court made the following relevant findings of fact:

> 4. As a threshold matter, the Court heard testimony regarding the Defendant's affirmative defenses. The Defendant's arguments revolved mainly about the fact that the Plaintiff was represented and the Defendant were [sic] pro-se. The Defendant testified that he did not have the ability to contract because he was []depressed and took Effexor, Zoloft, Ambien and used a C-pap machine for sleep apnea. He also testified he was under duress, but "the Plaintiff did not put a gun to my head" in signing the Contract. The Court notes that it would be unusual for him not to be depressed at the end of a marriage and if she voided the agreement of every depressed litigant, then almost every agreement which cam[e] before the Court would have to be voided.
>
> 5. The Defendant failed to offer any evidence that any of the defenses were related to anything, which the Plaintiff had

done to the Defendant. His issues were attributed to certain outside forces, which prevented him from knowing what he was doing when he signed the agreement.

6. However the Defendant testified that the $1,500 amount for child support was fair and 30% of his income for alimony was also reasonable. He readily admitted that he understood the terms of the agreement and knew what he was signing.

. . . .

8. He also testified that he voluntarily got out of bed, put on his close [sic], got in his vehicle alone and drove to the bank to sign the separation agreement at a bank.

The trial court also found, in finding of fact 9, that Mr. Raus was a businessman who at various times had owned three businesses and had sufficient funds to live in a $1.5 million home and send his two children to private school. Additionally, the trial court found in finding of fact 10: "[Mr. Raus] freely and voluntarily knew what he was signing; he was not under any duress when he signed the agreement and the agreement was not unconscionable given [sic] procedurally or substantively when looking at the agreement in its totality."

Mr. Raus argues that to the extent findings of fact 4, 6, and 8 summarize defendant's testimony, they are not proper findings of fact because they are mere recitations of testimony, citing *Long v. Long*, 160 N.C. App. 664, 588 S.E.2d 1 (2003), and *Chloride, Inc. v. Honeycutt*, 71 N.C. App. 805, 323 S.E.2d 368 (1984). In those cases, the findings were inadequate because the trial court did not, with a mere recitation of testimony, resolve the conflicts in the evidence and actually find facts. *Id.* at 805, 323 S.E.2d at 368-69. That is not, however, the case here.

Findings of fact 4, 6, and 8 summarize admissions by Mr. Raus relating to the voluntary nature of his actions, including his admission that the separation agreement was fair, that he understood the agreement, that he voluntarily went to sign the agreement, and that he was not acting under duress when signing it. With respect to Mr. Raus' testimony about his depression and medications, the court did—after reciting that testimony—resolve the dispute it raised by determining that it was not entitled to much weight. In short, the court did not err in setting out those portions of Mr. Raus' testimony that defeated his affirmative defense of duress and in explaining why it found his evidence in support of duress inadequate.

Mr. Raus also challenges the sufficiency of the evidence to support finding of fact 9 and finding of fact 10, regarding his financial status at the time he entered into the separation agreement and the lack of duress and unconscionability. These findings are supported by Mr. Raus' own testimony as well as representations in the separation agreement that Mr. Raus has not specifically challenged. Although Mr. Raus points to testimony that supports his contentions and argues that his evidence is entitled to greater weight, we may not accept his invitation to substitute our own judgment for that of the trial court. Since the trial court's findings are supported by evidence, they are binding.

Mr. Raus makes no further argument regarding his affirmative defense of duress. We, therefore, hold that the trial court did not err in declining to set aside the separation agreement based on duress.

II

[2] Mr. Raus next contends that the trial court should not have concluded that he was in breach of the separation agreement. Mr. Raus argues that the evidence shows he lacked the ability to perform under the agreement.

The trial court determined, in finding of fact 13, that Mr. Raus owed Ms. Praver $96,000.00 in child support and $311,840.00 in alimony. With respect to Mr. Raus' ability to pay the amounts due under the agreement, the trial court found:

> 14. Soon after the parties [sic] into the separation agreement, the Defendant's family's business shut down for some inexplicable reason; this was the business in which the Defendant earned an income of at least $240,000 per year. As a result the Defendant indicated that he did not have the financial ability to comply with the ongoing support obligations of the agreement.

> 15. However, since the time that his business shut down, he has had at least 4 well paying jobs. In addition, he has lived rent free in a town-home owned by his brother. He has also continually had an American Express card in his name but paid by his mother, which [sic] he charges his living expenses.

> 16. Up through 2007, he sent of [sic] his children to private secondary school and purchased for them whatever they wanted and/or needed. He did this all at the same time that he paid less then [sic] 10% of his total support obligation to the Plaintiff.

17.  The Defendant moved to Kentucky to live with his girlfriend and her three children several months ago. The Defendant had a job working for Jewish Hospital in Kentucky up through one month prior to trial. He was earning at least $60,000 a year at this job plus an unknown amount of potential bonus and/or commission. While working in Kentucky, he is living in his girlfriend's residence and her children's residence, rent-free. He pays a portion of the utilities, has a car payment of $437 per month and pays 20-30 per week in fuel costs. The Defendant still has the American express credit card to pay his expenses and which his mother pays for. He also pays his child's college expense and living expenses of $1,000-$1,500 per month which he has consistently done for over one year.

Mr. Raus argues that these findings of fact, as well as finding of fact 13, are not supported by the evidence. Based on our review of the record, we hold that each finding is supported by the terms of the separation agreement itself, Mr. Raus's answer, or his own testimony. The findings are, therefore, binding on appeal notwithstanding the existence of conflicting evidence.

Indeed, Mr. Raus does not actually contest that he failed to pay the amounts owed, but rather argues only that his performance was excused because of an inability to pay. In support of this position, he points to his actual income and argues that under *Cavenaugh v. Cavenaugh*, 317 N.C. 652, 347 S.E.2d 19 (1986), the trial court should not have found him in breach of the agreement. In *Cavenaugh*, this Court reviewed a trial court's order requiring defendant to pay all arrearages due under a separation agreement and to make periodic payments in the future as provided under the agreement. *Id.* at 656-58, 347 S.E.2d at 22-24. Although in that particular case, the Court concluded that the trial court's order did not adequately address the defendant's evidence that, based on his actual income, he was unable to fulfill his obligations under the agreement, *id.* at 657-58, 347 S.E.2d at 23, the Court also noted that when the supporting spouse deliberately suppresses income or dissipates resources, then the trial court may rely upon the spouse's capacity to earn rather than his or her actual income. *Id.* at 657, 347 S.E.2d at 23 (citing *Quick v. Quick*, 305 N.C. 446, 290 S.E.2d 653 (1982)).

This Court applied that principle in *Condellone v. Condellone*, 129 N.C. App. 675, 682, 501 S.E.2d 690, 695-96 (1998) (quoting *Cavenaugh*, 317 N.C. at 658, 347 S.E.2d at 23), explaining that "[i]n the

absence of a finding that the defendant is able to perform a separation agreement, the trial court may nonetheless order specific performance if it can find that the defendant 'has deliberately depressed his income or dissipated his resources.' " The Court further clarified that "[i]n finding that the defendant is able to perform a separation agreement, the trial court is not required to make a specific finding of the defendant's present ability to comply as that phrase is used in the context of civil contempt." *Id.* at 683, 501 S.E.2d at 696 (internal quotation marks omitted). The Court then held that despite there being no evidence of the defendant's current income, the trial court's finding of a pattern of conduct to depress his income was sufficient to support its order of specific performance as to future payments and arrearages owed under the separation agreement. *Id.* at 683-84, 501 S.E.2d at 696.

Here, while Mr. Raus presented evidence of an inability to pay, the trial court found, based on other evidence, "that the Defendant is voluntarily unemployed with the intent of depriving the Plaintiff of support." It was up to the trial court to decide the credibility of Mr. Raus' claim of an inability to pay. Since the court made the findings required by *Cavenaugh* based on the evidence presented, it was not required to make findings regarding Mr. Raus' present ability to comply with the separation agreement. The trial court, therefore, did not err in concluding that Mr. Raus had breached the separation agreement.

III

[3] Mr. Raus next challenges the trial court's order of specific performance on the grounds that the order contains (1) no findings of fact regarding whether Ms. Praver fully complied with her obligations under the separation agreement, and (2) no determination whether Ms. Praver's remedy at law was inadequate. Mr. Raus contends that in the absence of these findings, the court was prohibited from ordering specific performance of the separation agreement.

With respect to whether Ms. Praver was required to prove and the trial court to find, as a prerequisite to specific performance by Mr. Raus, that Ms. Praver had performed all of her obligations under the separation agreement, our Supreme Court in *Cavenaugh* observed in *dicta* that "[s]pecific performance is available to a party only if that party has alleged and proven that he has performed his obligations under the contract . . . ." *Cavenaugh*, 317 N.C. at 656-57, 347 S.E.2d at 22. Although no evidence was presented at trial that Ms. Praver had violated any term of the separation agreement, Mr. Raus asserts on

appeal that Ms. Praver had an affirmative burden to prove her compliance under the agreement to warrant an order for specific performance.

Mr. Raus complains that "[t]here are no allegations in Ms. Praver's Verified Complaint for Specific Performance addressing her performance under the Agreement." In the trial court, however, Mr. Raus never moved to dismiss Ms. Praver's claim for specific performance on that basis. Mr. Raus did allege in his answer, as his seventh affirmative defense, that "Plaintiff's claims should be barred on the basis that she has breached material terms and conditions provided therein." He did not, however, present any evidence or make any argument to the trial court seeking a ruling on this contention. Further, when the trial court specifically asked Mr. Raus, who was appearing *pro se,* about that defense, Mr. Raus denied knowing to what the answer referred. Mr. Raus effectively abandoned any claim that Ms. Praver breached the agreement.

Mr. Raus has, therefore, failed to preserve this issue for appeal. *See* N.C.R. App. P. 10(a)(1) ("In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion."). Accordingly, we decline to address this issue.

Mr. Raus also asserts that the trial court erred in making no determination that Ms. Praver's remedy at law was inadequate before ordering specific performance of the separation agreement. The specific performance order required both that Mr. Raus pay the arrearages due under the agreement and that he make prospective payments as they came due. Our courts have treated an order of specific performance to pay arrearages differently from an order of specific performance of prospective payments.

Our Supreme Court held in *Moore v. Moore,* 297 N.C. 14, 252 S.E.2d 735 (1979), *overruled on other grounds by Marks v. Marks,* 316 N.C. 447, 342 S.E.2d 859 (1986), that because of the absence of an adequate remedy at law, specific performance was appropriate both as to arrearages and as to prospective payments. However, in *Cavenaugh,* 317 N.C. at 656-57, 347 S.E.2d at 22-23, the Supreme Court appeared to alter the rule as to arrearages and held that there had to be an evidentiary basis supporting a trial court's conclusion of law that no adequate remedy at law existed.

In *Moore*, our Supreme Court examined whether the trial court had properly denied the plaintiff an order of specific performance for enforcement of future payments and arrearages under a separation agreement that had not been incorporated into a judicial decree. 297 N.C. at 16, 252 S.E.2d at 737. The Court asked: "What remedy at law is available to the plaintiff who seeks to compel compliance with a provision for periodic alimony payments in a separation agreement that has not been made part of a divorce judgment?" *Id.* at 17, 252 S.E.2d at 738. The Court answered its question, observing that a plaintiff would have to wait until payments became due and the spouse did not pay them and then he or she would have to file suit, reduce the claim to judgment, and, if unpaid, proceed with execution on the judgment. *Id.* If the defendant persisted in not complying, the plaintiff would have to resort to the remedy repeatedly. Given the expense and delay in obtaining recovery of sums "providing for the plaintiff's basic subsistence," the Court held "that the remedy available at law involves unusual and extreme hardship." *Id.*

While this analysis seemed to address primarily the requirement that the defendant make prospective payments, the Court then held that the trial court had erred in excluding evidence regarding the defendant's income, assets, and liabilities. *Id.* at 18, 252 S.E.2d at 738. Based on the excluded evidence, the Court also held that no adequate remedy at law existed as to the arrearages: "That evidence shows a deliberate pattern of conduct by defendant to defeat plaintiff's rights under their separation agreement. Execution upon plaintiff's judgments for arrearages cannot be enforced upon the property of defendant's second wife. Defendant deliberately, each payday, places his income out of reach of plaintiff's remedies at law." *Id.*, 252 S.E.2d at 738-39. Consequently, the Court remanded "for entry of a decree ordering defendant to specifically perform his support obligations under the separation agreement, both as to the arrearages and future payments." *Id.* at 19, 252 S.E.2d at 739.

In *Cavenaugh*, our Supreme Court, as an initial matter, held that the trial court's order of specific performance of a separation agreement had to be remanded because of the trial court's failure to make "findings of fact on defendant's ability to pay the arrearages [due under the agreement] and to comply with the terms of the separation agreement in the future." 317 N.C. at 658, 347 S.E.2d at 23. The Court pointed out that if the trial court determined that the defendant lacked the ability to fulfill his obligations under the agreement, "specific performance of the entire agreement [could] not be ordered

absent evidence that defendant ha[d] deliberately depressed his income or dissipated his resources." *Id.* On the other hand, the Court explained, if the court found that "the state of defendant's finances warrant[ed] it, the trial judge [could] order specific performance of all or any part of the separation agreement unless plaintiff otherwise ha[d] an adequate remedy at law." *Id.*

The Court then examined the trial court's "conclusion that plaintiff did not have an adequate remedy at law to collect the arrearages owed by defendant," which was based on a finding of fact that "it would require 'a multiplicity of actions and legal processes . . .' to effect collection of the judgment through execution." *Id.* The Court determined that there was no evidence to support that finding, and, therefore, the finding could not "be used to support a conclusion of law that the plaintiff does not have an adequate remedy at law . . . ." *Id.* As a result, the trial court's "decree of specific performance for the arrearages" failed for that reason as well as the failure to address the defendant's ability to comply with the agreement. *Id.*, 347 S.E.2d at 23-24.

The leading North Carolina family law treatise has explained, citing *Moore*, that "[b]ecause separation agreements often involve periodic payments, . . . the law recognizes that legal relief is usually inadequate, and the moving party has little difficulty with this element, *especially for an order involving future payments.*" See 3 Suzanne Reynolds, *Lee's North Carolina Family Law* § 14.35b(ii), at 14-99 (5th ed. 2002) (emphasis added). With respect to arrearages, however, the treatise summarizes the law as follows: "Under appropriate facts, . . . the court has the power to order specific performance of arrearages as well as of future payments. Certainly, evidence of a pattern of defaults, of unsatisfied judgments, and of conduct to keep assets from execution on a judgment support the conclusion that the plaintiff has an inadequate remedy at law for both arrearages and future payments. *If the order of specific performance involves only arrearages, there must be some evidence in the record to support the conclusion that collection would involve a multiplicity of suits.*" *Id.* (emphasis added).

Therefore, under our Supreme Court's holding in *Cavenaugh*, this case must be returned to the trial court for findings of fact and conclusions of law regarding whether Ms. Praver's remedy at law was inadequate with regard to the arrearages owed by Mr. Raus under the separation agreement. *See Condellone*, 129 N.C. App. at 684, 501 S.E.2d at 696 (holding that trial court has authority to order specific

performance of arrearages in "proper case").[1] Under *Moore*, however, no findings of fact were necessary as to the adequacy of Ms. Praver's remedy at law for future payments. Any error in failing to include a conclusion of law can be remedied on remand. We, therefore, affirm the order of specific performance in part and reverse and remand it in part for further findings of fact and conclusions of law.

IV

**[4]** Defendant's final contention is that the trial court failed to find sufficient facts to justify its award of attorneys' fees. Ms. Praver concedes that the findings are inadequate. We, therefore, reverse the attorneys' fees award and remand for further findings of fact and conclusions of law as to Ms. Praver's request for attorneys' fees. *See Upchurch v. Upchurch*, 34 N.C. App. 658, 665, 239 S.E.2d 701, 705 (1977) ("In order to award attorney fees in alimony cases the trial court must make findings of fact showing that fees are allowable and that the amount awarded is reasonable.").

Affirmed in part; reversed and remanded in part.

Chief Judge MARTIN and Judge STROUD concur.

---

1. We note that the separation agreement contained a provision stating that the parties agreed that "neither party has a plain, speedy or adequate legal remedy to compel compliance with the provisions of this Agreement" and "that an order for specific performance enforceable by contempt is an appropriate remedy for a breach of this Agreement by either party." Neither party has discussed the impact of this provision on the ability of the trial court to order specific performance and, therefore, we do not address it or express any opinion on its effect.