An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1408
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

IN THE MATTER OF:                        Robeson County
                                         Nos. 10 J 217-20
S.T.F., J.T.F., A.T.F.,
A.T.F.


     Appeal by respondent-father from order entered 19 September 2013 by Judge Herbert L. Richardson in Robeson County District Court.  Heard in the Court of Appeals 19 May 2014.


     *No brief filed for petitioner-appellee Robeson County Department of Social Services.*

     *Ryan McKaig for respondent-father.*

     *Sandlin Family Law Group, by Debra A. Griffiths, for guardian ad litem.*


     BRYANT, Judge.


     Respondent-father appeals from a district court order terminating his parental rights to S.T.F., J.T.F., A.T.F., and A.T.F. challenging only the trial court's conclusion that it is in the best interests of the juveniles to terminate respondent-father's parental rights.  We affirm.

On 16 September 2010, the Robeson County Department of Social Services ("DSS") obtained nonsecure custody of respondent-father's four children and filed juvenile petitions alleging that the children were neglected. The petitions alleged, *inter alia*, that respondent-father, his wife, and their children had no place to live and that the parents had inadequate kinship placements for the children. On 5 April 2011, DSS filed amended petitions alleging abuse. In an adjudication order filed on 29 August 2011,[1] the trial court concluded that all four children were neglected and that S.T.F. was abused. In a separate disposition order, the trial court concluded that it was in the children's best interests to remain in DSS custody and continue with a permanent plan of reunification with the parents.

On 20 June 2012, DSS filed petitions to terminate both parents' rights to the children. Following a hearing on 12 September 2013, the trial court entered an order in which it found the existence of the following grounds for termination against respondent-father: (1) failure to make reasonable progress; and (2) dependency. *See* N.C. Gen. Stat. § 7B-

---

[1] The order was amended on 13 September 2011, but the amendment made no substantive changes to the adjudication of neglect and abuse.

1111(a)(2), (6) (2011). The trial court also concluded that termination of respondent-father's parental rights was in the children's best interests. Respondent-father appeals.[2]

_____

It is well-established that termination of parental rights proceedings involve a two-stage process: (1) the adjudication stage, where the petitioner is required to prove the existence of grounds for termination, and (2) the disposition stage, where the court considers the best interest of the juvenile. N.C. Gen. Stat. §§ 7B-1110, -1111 (2013); *In re White*, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38 (1986) (citation omitted). At the adjudication stage, the burden is "upon the petitioner or movant and all findings of fact shall be based on clear, cogent, and convincing evidence." N.C. Gen. Stat. § 7B-1109 (f) (2013); *see also In re Young*, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997) ("At the adjudication stage, the party petitioning for the termination must show by clear, cogent, and convincing evidence that grounds authorizing the termination of parental rights exist." (citation omitted)). On appeal, respondent-father does not make any challenges to the adjudicatory stage of the proceedings.

---

[2] The trial court also terminated the parental rights of the mother, but she is not a party to this appeal.

Respondent-father challenges the trial court's conclusion that it is in the best interests of S.T.F., J.T.F., A.T.F., and A.T.F. to terminate his parental rights. Respondent-father contends that in light of the progress he has made, the desire he has expressed to be a good father, and the bond he has formed with his children, the trial court erred in terminating his parental rights. We disagree.

We review the trial court's determination that a termination of parental rights is in the best interest of the juvenile for an abuse of discretion. *In re Anderson*, 151 N.C. App. 94, 98, 564 S.E.2d 599, 602 (2002) (citation omitted).

While respondent-father's desire to make progress in the future is admirable, it is not dispositive at this stage of the termination proceeding. At the disposition stage, the trial court's focus is on the best interests of the child, not the circumstances surrounding the parents. *See In re Montgomery*, 311 N.C. 101, 109, 316 S.E.2d 246, 251 (1984) ("[T]he fundamental principle underlying North Carolina's approach to controversies involving child neglect and custody [is] that the best interest of the child is the polar star."). We have previously stated "that the child[ren] and [their] best interests are at issue here, not respondent's hopes for the

future." *In re Blackburn*, 142 N.C. App. 607, 614, 543 S.E.2d 906, 911 (2001) (citation omitted).

The trial court's unchallenged findings of fact in the disposition of its order indicate that S.T.F., A.T.F., and A.T.F. are in prospective adoptive placements and that DSS is looking at a family that may be interested in adopting J.T.F. Further, S.T.F., J.T.F., A.T.F., and A.T.F. "are in a stable environment which will allow them to grow up in a secure environment and benefit emotionally, socially, and educationally."

Upon review of the record, we conclude that the trial court weighed the evidence and made a reasoned decision that termination of respondent-father's parental rights was in the best interests of the children. We find no abuse of discretion in this determination and, therefore, affirm the order of the trial court terminating respondent-father's parental rights.

Affirmed.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).