In Re: O.W.

No. COA03-941

(Filed 1 June 2004)

**1. Child Abuse and Neglect— adjudication and disposition— consolidation**

There was no error in consolidating an abuse and neglect adjudication and disposition. Even though different evidentiary standards apply at each stage, the proceedings are heard by a judge rather than a jury, and the judge is presumed to consider the evidence under the applicable standard.

**2. Child Abuse and Neglect— statement of standard applied— sufficient**

A trial court's statement in an abuse and neglect order that it reached its conclusions through clear, cogent, and convincing evidence was sufficient to meet the requirement of N.C.G.S. § 7B-807. There is no requirement about where or how such a recital of the standard should be included.

**3. Child Abuse and Neglect— findings—not sufficient for review**

An abuse and neglect adjudication was remanded where the court's findings were not sufficient for the Court of Appeals to determine that the adjudication was adequately supported by competent evidence. The court's findings must consist of more than a recitation of the allegations.

Appeal by respondent from judgment entered 13 December 2002 by Judge Herbert L. Richardson, in Robeson County District Court. Heard in the Court of Appeals 20 April 2004.

*J. Hal Kinlaw Jr. for petitioner-appellee.*

*Janet K. Ledbetter for respondent-appellant.*

STEELMAN, Judge.

Respondent, K.M., appeals the district court's adjudication and disposition order finding abuse and neglect of the minor child, O.W., born 28 March 2001.

Respondent-appellant ("respondent") is the natural mother and B.F. is the natural father of O.W. On 12 August 2001, the Robeson

## IN RE O.W.

[164 N.C. App. 699 (2004)]

County Department of Social Services (DSS) received a complaint from a "collateral source" that O.W. was being abused and neglected by her mother. The "collateral source" said respondent had been giving the child alcohol to drink and she had placed a plastic bag over the child's head. Due to these allegations, DSS removed the child from the home. Respondent claimed O.W.'s father made these allegations in order to avoid paying child support. DSS placed the child with its paternal grandmother.

DSS has extensive history with respondent. In 1992, DSS removed respondent's oldest daughter, K.W. from her care after respondent was incarcerated, and again in 1999 due to respondent's physical abuse of the minor child. In 2001, respondent's mother was removed from her daughter's home by DSS due to improper care.

In 1999, respondent underwent a psychological evaluation. At that time, Dr. Aiello diagnosed her as having borderline intellectual functioning, antisocial personality disorder, and episodic alcohol abuse, and she needed supervision and guidance in her care-taking responsibilities of her child. In 2001, respondent underwent another psychological evaluation by Dr. Aiello. Respondent provided Dr. Aiello with ample documentation that she had participated and completed all of the classes and programs DSS recommend. She also produced documentation showing DSS had closed her case in September 2001 regarding her oldest daughter. The results of respondent's 2001 psychological evaluation were greatly improved from the results of her 1999 evaluation. Dr. Aiello attributed these improvements to the therapeutic services she received subsequent to her 1999 evaluation. Dr. Aiello's evaluation indicated respondent no longer required reliance on a fully competent party to supervise her parental functions.

At all times respondent has denied the allegations that she gave alcohol to her child or that she ever placed a plastic bag over the child's head. During the adjudication and disposition hearing, none of the "collateral sources" appeared to testify as to what they were alleged to·have witnessed.

After hearing the evidence presented at trial, the judge found O.W. was neglected and abused pursuant to N.C. Gen. Stat. § 7B-101(1), (15). Respondent appeals this determination.

[1] In her first assignment of error, respondent contends the trial court erred when it consolidated the adjudication and disposition hearings for evidentiary purposes.

**IN RE O.W.**

[164 N.C. App. 699 (2004)]

To preserve a question for appellate review, a party must have presented the trial court with "a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make . . . ." N.C. R. App. P. 10(b)(1). When Mr. Kinlaw, the attorney for DSS requested the adjudication and disposition hearings be consolidated, respondent did not object. Thus, respondent has failed to properly preserve this issue for appellate review. However, we exercise our authority under Rule 2 of the Rules of Appellate Procedure and address the merits of this argument. N.C. R. App. P. 2.

This Court has held that although adjudicatory and dispositional hearings require the application of different evidentiary standards at each stage, there is no requirement that the adjudicatory and dispositional hearings be conducted at two separate times for the purpose of terminating parental rights. *In re White*, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, *disc. rev. denied*, 318 N.C. 283, 347 S.E.2d 470 (1986). *See also*, *In re Dhermy*, 161 N.C. App. 424, 588 S.E.2d 555, 560 (2003).

We find this reasoning to be applicable to a determination of whether a child is abused or neglected. Just as a termination of parental rights proceeding involves a two stage process, so does a proceeding adjudicating whether a child is abused or neglected. *See White*, 81 N.C. App. at 85, 344 S.E.2d at 37 (noting that in a proceeding to terminate parental rights, petitioner must show the grounds for termination by clear, cogent and convincing evidence, while at the disposition stage, the court's decision regarding termination of parental rights is discretionary). In the adjudicatory phase of a hearing to determine if a child is abused or neglected, the petitioner is required to prove allegations of abuse or neglect by "clear and convincing evidence," N.C. Gen. Stat. § 7B-805 (2003), while in the disposition stage the court's decision as to the best interests of the child and its placement is discretionary. N.C. Gen. Stat. § 7B-901 (2003). Just as in *White*, we find no requirement in the statutes that the stages be conducted at two separate hearings, even though the trial court is required to apply different evidentiary standards at each stage of the proceedings. *White*, 81 N.C. App. at 85, 344 S.E.2d at 38. Additionally, since these proceedings are heard by a judge, and not a jury, "it is presumed . . . that the judge, having knowledge of the law, is able to consider the evidence in light of the applicable legal standard and to determine whether [there is evidence of abuse or neglect] before proceeding to consider evidence relevant only to the dispositional stage." *Id.* Thus, the trial court did not err in consolidating the two hearings.

**[2]** In her second assignment of error, respondent contends the trial court erred when it failed to recite the standard of proof the court relied on in its determination of abuse and neglect. N.C. Gen. Stat. § 7B-807 requires the trial court to affirmatively state that the allegations in the petition have been proven by clear and convincing evidence. N.C. Gen. Stat. § 7B-807 (2003). Failure by the trial court to state the standard of proof applied is reversible error. *In re Wheeler*, 87 N.C. App. 189, 193, 360 S.E.2d 458, 461 (1987). However, there is no requirement as to where or how such a recital of the standard should be included. In the trial court's order, it clearly states that it "CONCLUDES THROUGH CLEAR, COGENT AND CONVINCING EVIDENCE[.]" We find this to be sufficient to meet the requirement of N.C. Gen. Stat. § 7B-807. Therefore, this assignment of error is without merit.

**[3]** In respondent's third assignment of error, she contends the trial court erred when it failed to make ultimate findings of fact. N.C. Gen. Stat. § 7B-805 requires that the "adjudicatory order shall be in writing and shall contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-807(b) (2003). While petitioner is correct that there is no specific statutory criteria which must be stated in the findings of fact or conclusions of law, the trial court's findings must consist of more than a recitation of the allegations. *In re Anderson*, 151 N.C. App. 94, 97, 564 S.E.2d 599, 602 (2002). In all actions tried upon the facts without a jury . . . the court shall find the facts specifically and state separately its conclusions of law thereon . . . ." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2003). Thus, the trial court must, through "processes of logical reasoning," based on the evidentiary facts before it, "find the ultimate facts essential to support the conclusions of law." *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003). The resulting findings of fact must be "sufficiently specific" to allow an appellate court to "review the decision and test the correctness of the judgment." *Quick v. Quick*, 305 N.C. 446, 451, 290 S.E.2d 653, 657 (1982).

In the trial court's order it states "upon consideration of the evidence presented the Court finds the following facts": and lists facts numbered one through twenty. Of those twenty findings of fact, fifteen of those are a verbatim recitation of the facts stated in DSS's petition for abuse and neglect, some of which are unsupported by any evidence. For example, Findings of Fact Nos. 12-15 are not even really facts as they simply recite what some unknown source said:

12. That collaterals state that [B.F.] has a history of cocaine and crack use.

13. That collaterals also state that [B.F.] has a bad temper, he is inpatient, he hollers at the baby and slaps her on her hands.

14. That collaterals state that B.F. only wants the child, so he won't have to pay child support.

15. That collaterals stated that [the] paternal grandmother, states that she is unwilling to help to baby-sit the child while she is in her home.

A more appropriate example of an "ultimate finding of fact" would have been for the court to state that "B.F. has a history of cocaine and crack use" or that "B.F. has a bad temper, he is impatient, he hollers at the baby and slaps her on her hands," if it found these facts were true.

Another example where the trial court failed to make "ultimate findings" occurs in Findings of Fact Nos. 8 and 11, which state:

8. That on June 21, 2001, Robeson County DSS substantiated injurious environment on both of [respondent's] children after [respondent] pulled a knife on [K.W.'s] father during a visit with both children present. [Respondent] was under the influence of alcohol at the time.

. . . .

11. That on August 16, 2002, a visit was held by [B.F.] at Dukes and Daisies Daycare for [respondent] and [O.W.]. Daycare staff stated that [respondent] smelled like alcohol and appeared to be unbalanced during the visit. The staff also stated that [respondent] heard a child cry at the daycare and became irritated and asked to end the visit after fifteen or twenty minutes.

In Finding of Fact No. 8, we are unable to tell whether the trial court found that the events occurred or if DSS substantiated an injurious environment based upon what someone told them. Furthermore, Finding of Fact 11 is not even really a finding of fact as it merely recites the testimony that was given by Selene Locklear, a Social Worker with DSS, who was simply reciting what the daycare had told DSS. And as we stated above, it is not the role of the trial court as fact finder to simply restate the testimony given.

Accordingly, the trial court's findings are not "specific ultimate facts," which are sufficient for this Court to determine that the adjudication of abuse and neglect is adequately supported by competent evidence. We remand this order to the trial court to make appropriate findings of fact, not inconsistent with this opinion. It is unnecessary for us to address the remainder of respondent's assignments or error.

AFFIRMED IN PART, REMANDED IN PART.

Judges WYNN and CALABRIA concur.