An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1270
NORTH CAROLINA COURT OF APPEALS

Filed: 6 May 2014


IN THE MATTER OF:                      Guilford County
                                       No. 12 JA 532
K.F.


Appeal by respondent-mother and respondent-father from order entered 30 August 2013 by Judge H. Thomas Jarrell in Guilford County District Court. Heard in the Court of Appeals 7 April 2014.

> *Mercedes O. Chut for petitioner-appellee Guilford County Department of Social Services.*
>
> *Robert W. Ewing for respondent-appellant mother.*
>
> *Michael E. Casterline for respondent-appellant father.*
>
> *Donna Michelle Wright for guardian ad litem.*


HUNTER, Robert C., Judge.


Respondent-mother and respondent-father (collectively, "respondents") appeal from an order concluding that K.F.

("Kendrick")[1] was an abused, neglected, and dependent juvenile. After careful review, we affirm in part and reverse in part.

**Background**

On or about 28 November 2012, the Guilford County Department of Social Services ("DSS") took fourteen-month-old Kendrick into nonsecure custody and filed a juvenile petition alleging that he was abused, neglected, and dependent. The petition alleged that respondent-father had confessed to killing Kendrick's infant brother, Keith, on 27 November 2012. Law enforcement officers responded to the home, and also noted that Kendrick had a bruise on his abdomen, had a diaper rash that was bleeding, and appeared to be dehydrated.

The trial court conducted a hearing on 1 August 2013 and entered an order on 30 August 2013 concluding that Kendrick was an abused, neglected, and dependent juvenile within the definition of N.C. Gen. Stat. § 7B-101(1), (9), and (15). The trial court made the following pertinent findings of fact in the adjudicatory portion of its order:

> 8. The juvenile's infant sibling, [Keith], . . . was killed by the juvenile's father[.] [Respondent-father] confessed to killing [Keith] to High Point Police. [Respondent-father]

---

[1] Pseudonyms are used to protect the identity of the juveniles involved and for ease of reading.

indicated that he "snapped" around 5:00 a.m. and reached in and strangled the baby and began hitting the baby with his fists. The autopsy report indicated that [Keith] died as a result of blunt force trauma to the head and abdomen.

9. The mother, [], was also in the bedroom at the time the infant was killed. Neither parent called 911 until after 3:00 p.m. Both the mother and the father have been indicted with First Degree Murder in the death of [Keith] and are currently in the custody of the Guilford County Jail.

10. On the night of the murder, [Kendrick] was left in a car seat from 9:00 p.m. until 1:00 p.m. the following day. When officers arrived at the house, [Kendrick] was bleeding from his buttocks, had several bruises on his abdomen, and appeared dehydrated. The bleeding appeared to be the result of severe diaper rash.

In the dispositional portion of the order, the trial court maintained custody of Kendrick with DSS, concluded that reunification efforts would be futile and inconsistent with Kendrick's safety and need for a safe, permanent home within a reasonable period of time, and changed the permanent plan for Kendrick to adoption. Respondents timely appealed.

**Discussion**

On appeal, both respondents challenge the trial court's adjudication of dependency, and respondent-mother also

challenges the adjudication of abuse. "The role of this Court in reviewing a trial court's adjudication . . . is to determine (1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal conclusions are supported by the findings of fact[.]" *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (internal quotation marks omitted), *aff'd as modified*, 362 N.C. 446, 665 S.E.2d 54 (2008). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.* Neither respondent challenges any of the trial court's findings of fact. Therefore, the findings are binding on appeal. *See In re M.D.*, 200 N.C. App. 35, 43, 682 S.E.2d 780, 785 (2009).

## I.

First, we turn to respondents' arguments that the trial court's adjudication of dependency is not supported by its findings of fact. Our juvenile code defines a dependent juvenile as one "in need of assistance or placement because the juvenile has no parent, guardian, or custodian responsible for the juvenile's care or supervision or whose parent, guardian, or custodian is unable to provide for the care or supervision and lacks an appropriate alternative child care arrangement." N.C.

Gen. Stat. § 7B-101(9) (2011). In determining whether a juvenile is dependent, the trial court is required to "address both[:] (1) the parent's ability to provide care or supervision, and (2) the availability to the parent of alternative child care arrangements." *In re P.M.*, 169 N.C. App. 423, 427, 610 S.E.2d 403, 406 (2005). "Findings of fact addressing both prongs must be made before a juvenile may be adjudicated as dependent, and the court's failure to make these findings will result in reversal of the court." *In re B.M.*, 183 N.C. App. 84, 90, 643 S.E.2d 644, 648 (2007). Respondents both argue that the trial court failed to make findings of fact establishing that they lacked an alternative child care arrangement. Respondent-mother additionally argues that the court failed to make findings of fact establishing that she was unable to provide care and supervision for Kendrick.

We agree with respondents' argument that the trial court failed to make findings of fact regarding the availability of an alternative child care arrangement. None of the trial court's adjudicatory findings of fact addresses this prong, and DSS failed to present any evidence on it at the hearing. Yet, at the conclusion of the adjudicatory portion of the hearing, and in the order's conclusions of law, the trial court concluded

that DSS proved abuse, neglect, and dependency by clear and convincing evidence. Without the necessary findings in support of it, this conclusion is in error. *See id.* (reversing the trial court's order where it failed to make any findings regarding the availability of alternative child care arrangements).

DSS and the GAL argue that the second prong of the dependency ground is supported by dispositional finding of fact number 17, in which the trial court found that "[t]here are no known or suitable relatives with whom [Kendrick] could be placed[.]" We disagree. While the trial court did touch on the availability of alternative child care arrangements in this finding, it was a dispositional finding of fact and cannot support the trial court's adjudication for several reasons.

To begin, a proceeding to adjudicate a juvenile neglected, abused, or dependent involves a two-stage process: the adjudication stage governed by N.C. Gen. Stat. § 7B-805 and the disposition stage governed by N.C. Gen. Stat. § 7B-901. *See In re O.W.*, 164 N.C. App. 699, 701, 596 S.E.2d 851, 853 (2004). Although this Court has held there is no requirement that the two hearings be conducted at two separate times, *see id.*, the trial court is required to apply different standards of proof at

the two stages. *Id.* At the adjudication stage, "[t]he allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved by clear and convincing evidence." N.C. Gen. Stat. § 7B-805 (2011). However, the dispositional hearing "may be informal," the court "may consider any evidence, including hearsay evidence . . . that the court finds to be relevant, reliable, and necessary to determine the needs of the juvenile and the most appropriate disposition," and the court's placement determination at disposition is discretionary. N.C. Gen. Stat. § 7B-901 (2011); *see O.W.*, 164 N.C. App. at 701, 596 S.E.2d at 853. Thus, a dispositional finding of fact does not satisfy the statutory requirement that the adjudication order "contain appropriate findings of fact and conclusions of law." N.C. Gen. Stat. § 7B-807(b) (2011).

Furthermore, the nature of the trial court's hearing in this particular matter makes it difficult for this Court to simply "relabel" a dispositional finding of fact, as DSS suggests we do. Only one DSS social worker testified at the adjudicatory hearing, and her testimony did not address the lack of an alternative child care arrangement. Nonetheless, the trial court adjudicated Kendrick neglected, abused, and dependent. The trial court then proceeded to disposition, where

the GAL and another DSS social worker testified. Again, none of the testimony addressed lack of an alternative child care arrangement. At the conclusion of the hearing, the trial court adopted DSS's court summary; however, the court summary was for dispositional purposes, and it is not clear that the trial court admitted it into evidence. Based on the foregoing, it is apparent that the trial court adjudicated Kendrick dependent without considering any evidence pertaining to the availability of an alternative child care arrangement. And, to the extent that the trial court considered any such evidence, the incorrect standard of proof was employed for the purpose of adjudicating Kendrick dependent.

Based on the foregoing, we are compelled to reverse the trial court's adjudication of dependency and remand for further proceedings. *See In re K.D.*, 178 N.C. App. 322, 329, 631 S.E.2d 150, 155 (2006) ("[T]he trial court's language in the adjudication order tracks the first prong of the definition of dependency, but ignores the second. We, therefore, reverse as to K.D.'s dependency, and remand to the trial court for further findings as to whether K.D. lacks 'an appropriate alternative child care arrangement.'"). Because we reverse based on the lack of findings pertaining to the second prong of dependency,

we need not address respondent-mother's challenge to the first prong.

**II.**

Next, we turn to respondent-mother's argument that the trial court erred in adjudicating Kendrick to be an abused juvenile. Our juvenile code defines an abused juvenile as, *inter alia*, "[a]ny juvenile less than 18 years of age whose parent . . . [i]nflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means" or "[c]reates or allows to be created a substantial risk of serious physical injury to the juvenile by other than accidental means[.]" N.C. Gen. Stat. § 7B-101(1)(a), (b) (2011). Respondent-mother argues that the only evidence of any alleged abuse against Kendrick is the fact that he was left in a car seat for sixteen hours. Respondent-mother contends that this does not amount to serious physical injury, and, therefore, the evidence cannot sustain a conclusion that Kendrick was abused.

Respondent-mother's argument fails for several reasons. First, we note that N.C. Gen. Stat. § 7B-101(1) does not define "serious physical injury." And, we have stated that "the nature of an injury is dependent upon the facts of each case and, based

on the evidence before us in [each] case." *In re L.T.R.*, 181 N.C. App. 376, 383, 639 S.E.2d 122, 126 (2007). Second, respondent-mother appears to overlook the fact that the statutory definition of abuse under N.C. Gen. Stat. § 7B-101(1)(b) does not require actual injury. Under this subsection, "a *substantial risk* of serious physical injury" is sufficient. N.C. Gen. Stat. § 7B-101(1)(b) (emphasis added). This Court has sustained an adjudication of abuse where the parent was aware of the existence of a risk to the child but failed to "take the necessary steps to protect the minor [child]." *In re M.G.*, 187 N.C. App. 536, 549, 653 S.E.2d 581, 589 (2007) (internal quotation marks omitted), *rev'd in part on other grounds*, 363 N.C. 570, 681 S.E.2d 290 (2009). Indeed, DSS's petition alleges abuse based on substantial risk of physical injury.

After reviewing the record, we conclude that the trial court's findings were sufficient to establish that respondent-mother, at minimum, subjected Kendrick to substantial risk of physical injury. The findings establish that fourteen-month-old Kendrick was left in a car seat for sixteen hours, which resulted in bruising to Kendrick's abdomen. During this time, respondents failed to change his diaper or feed him, which

resulted in severe diaper rash and dehydration. In fact, his diaper rash was so severe that Kendrick's bottom was bleeding. Based on the foregoing, we hold that the trial court did not err in concluding that Kendrick was an abused juvenile pursuant to N.C. Gen. Stat. § 7B-101(1).

## Conclusion

Based on the foregoing reasons, we affirm in part and reverse in part the trial court's order, and we remand for further proceedings as to dependency.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

Judges GEER and McCULLOUGH concur.

Report per Rule 30(e).