An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1111

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.                                    Brunswick County
                                      No. 07 CRS 52264

NORMAN RAY ROBERTS, III,
     Defendant.


Appeal by Defendant from order entered 1 April 2013 by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 23 January 2014

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Amy Kunstling Irene, for the State.*

> *Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for Defendant.*


DILLON, Judge.


Norman Ray Roberts, III, ("Defendant") petitioned this Court for *certiorari* on 26 April 2013 seeking review of an order entered by the trial court on 1 April 2013 denying his motion for appropriate relief ("MAR"). A panel of this Court granted

Defendant's petition on 14 May 2013 for review of the trial court's denial of his MAR. We affirm.

## I. Background

On 19 May 2008, Defendant was indicted on sixteen counts of first-degree sexual assault. Attorney Mike Ramos was appointed to represent Defendant; however, on 3 June 2008, Mr. Ramos filed a motion to withdraw as Defendant's counsel because Defendant had advised Mr. Ramos that he had retained private counsel to represent him. On 5 June 2008, Judge Ola M. Lewis heard Mr. Ramos' motion to withdraw. At the hearing, Defendant said he had hired Eric Altman to represent him. Mr. Altman confirmed that he had never tried a criminal case involving the level of felony for which Defendant was charged. Mr. Ramos, however, had twenty-six years of experience and was designated by the State Bar as a specialist in criminal law. At the conclusion of the hearing, Judge Lewis denied Mr. Ramos' motion to withdraw as counsel. However, at no time did Judge Lewis refuse to allow Mr. Altman from participating in Defendant's defense. Notwithstanding, Mr. Altman never filed a notice of appearance in the matter, either before Mr. Ramos' motion to withdraw was heard, or at any point thereafter.

Defendant was tried in the 21 September 2009 Criminal Session of Brunswick County Superior Court, being represented by Mr. Ramos. The jury found Defendant guilty of all charges. Judge Lewis entered the judgments against Defendant consistent with the jury's verdicts, sentencing him, as a prior record level III felon, to three presumptive range, consecutive sentences of 336 to 413 months incarceration.

Defendant appealed to this Court. On direct appeal, he was represented by Duncan McCormick. During the course of the appeal, however, Mr. McCormick made a number of arguments on Defendant's behalf; however, he did not make any argument pertaining to the trial court's decision to deny Mr. Ramos' motion to withdraw. This Court found no error, *see State v. Roberts*, 2011 N.C. App. LEXIS 73 (N.C. App., Jan. 18, 2011) (unpublished), and our Supreme Court denied Defendant's petition for discretionary review. *See State v. Roberts*, 365 N.C. 188, 707 S.E.2d 232 (2011).

On 14 September 2012, Defendant filed the MAR in the Superior Court, which is the subject of this present appeal, arguing that the trial court had infringed his constitutional right to retain counsel of his choice and that Mr. McCormick provided ineffective assistance of counsel ("IAC") by failing to

raise the foregoing constitutional issue during the first appeal.

At the 14 March 2013 MAR hearing, Mr. McCormick, Mr. Ramos and Mr. Altman testified. Mr. McCormick confirmed that when he prepared the original appeal of Defendant's conviction, he did not argue or otherwise give any significance to the trial court's order denying Mr. Ramos' motion to withdraw as trial counsel.

Mr. Ramos testified that he had been an attorney since 1982 and had been practicing criminal law since that time, including serious felony cases. Since 1997, Mr. Ramos had been certified by the State Bar as a specialist in state and federal criminal law. Mr. Ramos also testified that he has tried approximately twenty-five capital cases, approximately one hundred homicide cases, and "a bunch" of sex offense cases.

Mr. Altman testified that he had been an attorney for almost twelve years, but that his criminal practice was limited to, for the most part, speeding ticket cases and court-appointed cases in district court. He stated that the only criminal jury trial he had ever done was a misdemeanor appeal to Superior Court, in which the defendant had pled guilty halfway through the trial. Mr. Altman stated that he was having "mental health

problems[,]" and he sometimes did not show up for district court. When asked, "Do you believe that you should have represented Mr. Roberts in 2007/2008 on sixteen counts of B-1 Felony?" Mr. Altman responded, "I do not believe I should." Mr. Altman said, "Mr. Ramos was in a much better position to take care of Mr. Roberts' case than I was. I just wasn't – there was no way I was going to get up to speed to effectively represent him." When asked whether he had "file[d] any motions for discovery" in Defendant's case, Mr. Altman said, "I do not believe I did. . . . 'Cause I didn't' know what I was doing." When asked, "So you didn't even know that you had to file a Notice of Appearance in a Superior Court case?" Mr. Altman responded, "No." When Mr. Altman learned that Mr. Ramos had been appointed, he was "relieved to be out of it because I knew that I'd gotten in over my head."

On 1 April 2013, the trial court entered a detailed order denying Defendant's MAR. In its order, the trial court made findings, *inter alia*, regarding Mr. Altman's lack of experience and ability in trying B1 felony cases and Mr. Ramos' extensive experience and ability in trying such cases. Also in its order, the trial court determined that its denial of Mr. Ramos' motion to withdraw did not amount to a violation of Defendant's Sixth

Amendment rights and that Defendant was not entitled to relief for his IAC claim, in part, because "there was no reasonable probability that . . . the result of [Defendant's appeal] would have been different" had Mr. McCormick made an argument concerning the trial court's denial of Mr. Ramos' motion to withdraw.

Defendant filed a petition for writ of *certiorari* in this Court on 26 April 2013, seeking review of the trial court's order denying his MAR, which we issued on 14 May 2013.

## II. Analysis

Defendant argues that the trial court erred in denying his MAR. We believe that Defendant's right to chosen counsel was not violated and, accordingly, affirmed the trial court's order denying Defendant's MAR.

## A. Standard of Review

"When a trial court's findings on a motion for appropriate relief are reviewed, these findings are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion." *State v. Armstrong*, 203 N.C. App. 399, 416, 691 S.E.2d 433, 445, (citation and quotation marks omitted) *disc. review denied*, ___ N.C. ___, 702 S.E.2d 492 (2010). "Competent evidence is evidence that a

reasonable mind might accept as adequate to support the finding." *Id.* at 416-17, 691 S.E.2d at 445 (citation and quotation marks omitted). "The trial court's conclusions of law are reviewed *de novo*." *Id.* at 417, 691 S.E.2d at 445 (citation and quotation marks omitted).

B. Sixth Amendment Right to Counsel of Choice

Defendant contends the trial court erred by denying his motion for appropriate relief because his Sixth Amendment right to counsel of choice was infringed. We disagree.

"The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense.' We have previously held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 165 L. Ed. 2d 409, 416 (2006) (citation omitted).

In the present case – unlike the facts in *Gonzalez-Lopez* – there is nothing in the record to indicate that the trial court denied any request by Defendant to allow Mr. Altman to participate in his defense. Indeed, during the hearing on Mr. Ramos' motion to withdraw, the trial court stated that Defendant was "certainly free to counsel of [his] choice[.]" However, at

this pre-trial hearing, the trial court simply refused Mr. Ramos' motion to withdraw. **R 27** Defendant was facing sixteen B1 felonies, and Mr. Altman admitted at the pre-trial hearing that he had no experience representing clients with serious felony charges and had only been involved in a single jury trial. Further, as the trial court noted that Mr. Altman never filed a notice of appearance in the case.

The United States Supreme Court has held that "the right to counsel of choice is circumscribed in several important respects[,]" *Gonzalez-Lopez*, 548 U.S. at 144, 165 L. Ed. 2d at 417 (citation and quotation marks omitted), stating as follows:

> Nothing we have said today casts any doubt or places any qualification upon our previous holdings that limit the right to counsel of choice and recognize the authority of trial courts to establish criteria for admitting lawyers to argue before them. . . . We have recognized a trial court's wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar. *The court has, moreover, an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.*

*Id.* at 151-52, 165 L. Ed. 2d at 421 (citations omitted)(emphasis added).

In his brief, Defendant contends that, in the present case, "the trial court's belief that retained counsel will not be as effective as appointed counsel" is not a valid limitation on Defendant's constitutional right to counsel of choice. Although we agree with the foregoing assertion, it does not describe this case. We believe the record in this case reveals that, to the extent the trial court placed a limitation on Defendant's Sixth Amendment right counsel of choice by denying Mr. Ramos' motion to withdraw, the limitation was based on the court's "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession[,]" *see Gonzalez-Lopez*, 548 U.S. at 152, 165 L. Ed. 2d at 421-22 (citation and quotation marks omitted), and, therefore, we conclude the trial court did not err in denying Defendant's MAR.

Rule 1.1 of the North Carolina Rules of Professional Conduct states the following:

> Competence: A lawyer shall not handle a legal matter that the lawyer knows or should know he or she is not competent to handle without associating with a lawyer who is competent to handle the matter. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation.

The evidence at the MAR hearing included Mr. Altman's own admission that he was wholly incompetent to represent Defendant

on his sixteen B1 felony charges. Defendant, in fact, admits on appeal that "[u]nless allowing a criminal defendant to be represented by his retained counsel of choice would result in. . . [*inter alia*, a violation of] the Rules of Professional Conduct, the defendant must be allowed to be represented by retained counsel of his choosing." As such, we believe the trial court's denial of Mr. Ramos' motion to withdraw, and later, the trial court's denial of Defendant's MAR, was not erroneous. The denial of Mr. Ramos' motion to withdraw was necessary to ensure that Defendant's trial was "conducted within the ethical standards of the profession[,]" *see Gonzalez-Lopez*, 548 U.S. at 152, 165 L. Ed. 2d at 421-22, specifically, Rule 1.1 of the North Carolina Rules of Professional Conduct.

At the hearing on Mr. Ramos' motion to withdraw – where Defendant indicated that he wanted Mr. Altman to represent him at trial on sixteen B1 felony counts and where Mr. Altman admitted having no experience in such matters - we believe that the trial court was caught between the proverbial "Scylla and Charybdis." *See Ex Parte McFarland*, 163 S.W.3d 743, 759-60 (Tex. Crim. App. 2005). On the one hand, the trial court had a legitimate concern that Mr. Altman might not have the ability to provide competent representation, which, under the *Sixth*

*Amendment*, a criminal defendant is entitled to. *See Strickland v. Washington*, 466 U.S. 668, 693, 80 L. Ed. 2d 674, 697-98 (1984). On the other hand, "a criminal defendant also has a *Sixth Amendment* right to the privately retained counsel of his choice[.]" *McFarland*, *supra*. (emphasis added) (footnote omitted). We believe Judge Lewis satisfied both of these constitutional requirements at the pre-trial hearing: She denied Mr. Ramos' motion to withdraw, but she did not otherwise disqualify Mr. Altman from participating, stating:

> And you are certainly free to hire counsel of your choice; but, I have an obligation to let you know that Mr. Altman does not handle this level of felony. It is a very serious charge for which you are facing a very long time if you plead guilty or you are found guilty. . . . And so, whatever the relationship is with Mr. Altman, it is what it is. But Mr. Ramos is not going to be allowed to withdraw as your attorney."[1]

---

[1] We note that in its order denying Defendant's MAR, the trial court determined that Defendant's Sixth Amendment rights were not violated because the court "refused to allow [Mr.] Altman . . . to represent the Defendant[.]" This statement could be interpreted to mean that the trial court had refused to allow Mr. Altman to represent Defendant even with Mr. Ramos also serving; however, this interpretation is not supported by the record. A better interpretation of this statement, which finds support in the record, is that the trial court – by denying Mr. Ramos' motion to withdraw – merely "refused" to allow Mr. Altman to serve as Defendant's *sole* counsel.

Notwithstanding, there is nothing in the record to indicate that following the pre-trial hearing that Defendant sought to include Mr. Altman in his defense.

## II. Findings of Fact/Conclusions of Law

Defendant presents several arguments challenging the trial court's findings of fact, and ultimately, its conclusions of law in its order denying Defendant's motion for appropriate relief. We find each of the following arguments unmeritorious.

Defendant first argues that findings of fact 9 through 11[2] are merely recitations of testimony of the witnesses. In cases such as this, "the trial court . . . is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision . . . as to whether or not a constitutional violation of some kind has occurred." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619-20 (1982). "[I]t is not the role of the trial court as fact finder to simply restate the testimony given." *In re O.W.*, 164 N.C. App. 699, 703, 596 S.E.2d 851, 854 (2004). Inasmuch as the trial court

---

[2] The trial court did not enumerate its findings of fact in its order denying Defendant's motion for appropriate relief. However, on appeal, Defendant supplied a copy of the order, upon which Defendant numbered the findings of fact, so as to more effectively and conveniently present his argument.

found as fact that Mr. Altman, Mr. Ramos, and Mr. McCormick "testified to the following[,]" the trial court did not perform its duty of weighing and resolving conflicts in the evidence. However, in this case, it does not appear that there were conflicts in the evidence to resolve. No one, including Mr. Altman, testified that Mr. Altman *was* competent to represent Defendant. *See generally State v. Smith*, 346 N.C. 794, 800, 488 S.E.2d 210, 214 (1997) (stating that "[i]f there is no conflict in the evidence on a fact, failure to find that fact is not error"). Moreover, the trial court made sufficient other findings of fact upon which to base its conclusion that Defendant's Sixth Amendment right to counsel of choice was not abridged.

Defendant next argues that findings of fact 9p, 11, and 12 are not supported by competent evidence. According to Defendant's enumeration, findings of fact 9p, 11, and 12 state the following:

> 9p. The Court was also privy to Mr. Altman's past mental health conditions at the time of Mr. Ramos' appointment.
>
> . . . .
>
> 11. Mr. McCormick did not know of Mr. Eric Altman's representation of the Defendant, and if he was aware of such would have made

a constitutional argument as to the Court's appointment of Mr. Ramos.

. . . .

12. The Court finds there was nothing to lead Mr. McCormick to note Mr. Altman's purported appearance in the case file or any and all related documents.

We agree with Defendant that there was no evidence presented at the hearing showing that the trial court was "privy to Mr. Altman's past mental health conditions." However, there was evidence, including Mr. Altman's testimony, that he suffered from mental health conditions. Moreover, the trial court found as fact in a different portion of the order that "Mr. Altman has, in the past, suffered from mental health problems." We would caution the trial court not to make findings of fact regarding things the trial court is "privy to[,]" as there was no evidence to support it was presented at the hearing. Although we agree with Defendant that this finding was made in error, the trial court made sufficient other findings upon which to base its conclusion that Defendant's Sixth Amendment right to counsel of choice was not abridged in this case.

Findings of fact 11 and 12 pertain to the question of whether Defendant received ineffective assistance of appellate counsel, which, as Defendant points out in his previous

argument, is separate and apart from the question of whether Defendant's Sixth Amendment right to chosen counsel was violated. On *certiorari*, although Defendant challenges the trial court's conclusion of law that he did not receive effective assistance of appellate counsel, Defendant does not present any argument showing how Defendant's appeal was prejudiced by Mr. McCormick's purported ineffective assistance. *See State v. Braswell*, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (stating that in addition to showing counsel's performance was deficient, "the defendant must show that the deficient performance prejudiced the defense."). Therefore, Defendant has failed to meet his burden on the question of ineffective assistance of counsel. *See id.* Because the foregoing findings of fact have no bearing on the question of whether Defendant's Sixth Amendment right to counsel of choice was violated, they are superfluous to the trial court's ruling thereon, and we need not address whether they are supported by competent evidence in our analysis of whether Defendant's right to counsel of choice was violated.

Based on the foregoing, we conclude Defendant's right to chosen counsel was not violated. We therefore affirm the trial court's order denying Defendant's MAR.

AFFIRMED.

Judge STROUD and Judge HUNTER, JR. concur

Report per Rule 30(e).