An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-80
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

IN THE MATTER OF:                         Rockingham County
                                          Nos. 13 J 82-84
S.C.R., A.C.R., & G.C.W.

Appeal by respondent-mother from orders entered 24 October 2013 by Judge James A. Grogan in Rockingham County District Court. Heard in the Court of Appeals on 16 June 2014.

> *No brief filed for petitioner-appellee Rockingham County Department of Social Services.*
>
> *Leslie Rawls for respondent-appellant mother.*
>
> *Parker Poe Adams & Bernstein LLP, by Eric D. Welsh, for guardian ad litem.*

HUNTER, JR., Robert N., Judge.

Respondent-mother appeals from the district court's adjudication order concluding that her children S.C.R. ("Scott"),[1] A.C.R. ("Amy"), and G.C.W. ("Gail") were neglected

---

[1] Pseudonyms are used for ease of reading and to protect the identity of the juveniles.

juveniles, as well as the court's resulting disposition order. After careful review, we affirm.

On 10 June 2013, the Rockingham County Department of Social Services ("DSS") obtained nonsecure custody of Scott, Amy, and Gail and filed a juvenile petition alleging that they were neglected and dependent juveniles. DSS filed an amended petition the same day with more detailed factual allegations. According to the petition, respondent-mother left the children with her mother (hereinafter, the "grandmother") on 3 May 2013. One-year-old Scott became ill, and the grandmother took Scott to the emergency room. However, the grandmother had difficulty obtaining medical treatment for him because respondent-mother failed to make necessary arrangements, and DSS was notified. Additionally, all three children were behind on their vaccinations and had not seen a physician in a year.

The petition also alleged that respondent-mother's home was unfit for the children. According to the petition, it lacked electricity and respondent-mother had no income to have it restored or to pay rent. Respondent-mother kept four dogs and two cats in the home, and allowed them to urinate and defecate inside. A social worker visited the home and advised respondent-mother not to bring the children back, given the

home's condition. The social worker reported that the odor of animal feces and urine was so strong he had to leave the residence. Following this visit, DSS and respondent-mother agreed that the children would remain in a placement with the grandmother.

According to the petition, respondent-mother was offered in-home services in mid-May 2013, but respondent-mother missed the meetings to discuss a service agreement with Lacey Johnston, a social worker. Respondent-mother then became uncooperative with DSS and unsupportive of the children's placement. The petition further alleged that on 6 June 2013, respondent-mother attempted to forcibly remove her children from the grandmother's home and physically assaulted her teenage brother in the process.

Following a hearing, the trial court adjudicated the children neglected after concluding that DSS had proven the allegations contained in the petition by clear, cogent, and convincing evidence. The court, however, dismissed the dependency allegation, determining the children were not in need of assistance or placement because there was an appropriate alternative child care arrangement with the grandmother and stepfather. N.C. Gen. Stat. § 7B-101(9) (2013). The trial

court entered a written order on 24 October 2013 containing findings of fact that closely tracked the allegations contained in DSS's amended petition. In a separate disposition order, the trial court continued custody of Scott and Gail with DSS. Amy's father had been given temporary custody of Amy on 1 July 2013, and the trial court gave him full custody in the disposition order. Respondent mother gave notice of appeal on 13 November 2013.

Respondent-mother argues that the trial court erred by failing to make proper findings of fact to support its adjudication of neglect. Specifically, respondent-mother argues that the trial court's substantive findings of fact are copied almost verbatim from the allegations contained in the petition.

We have previously held that Rule 52 of the North Carolina Rules of Civil Procedure "requires three separate and distinct acts by the trial court: (1) find the facts specially; (2) state separately the conclusions of law resulting from the facts so found; and (3) direct the entry of the appropriate judgment." *In re Anderson*, 151 N.C. App. 94, 96, 564 S.E.2d 599, 601–02 (2002) (citing N.C. R. Civ. P. 52(a)(1)). "Thus, the trial court must, through 'processes of logical reasoning,' based on the evidentiary facts before it, 'find the ultimate facts

essential to support the conclusions of law.'" *In re O.W.*, 164 N.C. App. 699, 702, 596 S.E.2d 851, 853 (2004) (quoting *In re Harton*, 156 N.C. App. 655, 660, 577 S.E.2d 334, 337 (2003)). The findings "must be the 'specific ultimate facts . . . sufficient for the appellate court to determine that the judgment is adequately supported by competent evidence.'" *Anderson*, 151 N.C. App. at 97, 564 S.E.2d at 602 (citation omitted). As a result of the foregoing principles, we have stated that "the trial court's findings must consist of more than a recitation of the allegations" contained in the juvenile petition. *O.W.*, 164 N.C. App. at 702, 596 S.E.2d at 853 (citing *Anderson*, 151 N.C. App. at 97, 564 S.E.2d at 602).

Respondent-mother cites to both *O.W.* and *Anderson* in support of her argument. In each case, this Court reversed the adjudication order. *Id.* at 704, 596 S.E.2d at 854; *Anderson*, 151 N.C. App. at 100, 564 S.E.2d at 603. In *O.W.*, fifteen of the trial court's twenty findings were "a verbatim recitation of the facts stated in DSS's petition for abuse and neglect, some of which [were] unsupported by any evidence." *Id.* at 702, 596 S.E.2d at 854. Moreover, several of the findings "[were] not even really facts as they simply recite[d] what some unknown source said . . . ." *Id.* Another finding was similarly

deficient in that it merely recited a social worker's testimony. *Id.* at 703, 596 S.E.2d at 854. In *Anderson*, the trial court's order contained only three findings of fact, two of which "merely recite[d] that DSS filed a petition and that service was proper . . . ." *Anderson*, 151 N.C. App. at 97, 564 S.E.2d at 602. The third finding stated that "[t]he grounds alleged for terminating the parental rights are as follows" and proceeded to list the grounds and case history. *Id.* at 97, 564 S.E.2d at 602. In each instance, this Court held that the findings of fact were a mere recitation of the allegations in the petition. *Id.* at 97, 564 S.E.2d at 602; *O.W.*, 164 N.C. App. at 702-03, 596 S.E.2d at 854.

We find *O.W.* and *Anderson* to be distinguishable from the instant case. We acknowledge that several of the trial court's findings are verbatim recitations of DSS's petition allegations. However, some of the allegations were omitted entirely from the order, and several findings contain language which was altered from that of the petition. Unlike *O.W.* and *Anderson*, all of the trial court's findings are phrased as findings of fact, not allegations or statements that recite what an unknown source said. See *O.W.*, 164 N.C. App. at 702-03, 596 S.E.2d at 854; *Anderson*, 151 N.C. App. at 97, 564 S.E.2d at 602. Most notably,

the trial court specifically declined to find that the children were dependent juveniles, and the corresponding allegation was omitted from the order.

Most importantly, all of the trial court's findings of fact are supported by evidence in the record, and respondent-mother does not challenge the evidentiary support for any of the findings. During the adjudicatory phase of the hearing, six witnesses testified for DSS: two social workers involved in the case, respondent-mother, the children's grandmother, the grandmother's husband, and the father of Scott and Amy. The testimony of DSS's witnesses provide ample support for the findings contained in the trial court's order, despite the fact that they closely track, or repeat, the allegations contained in the petition.

We therefore find the trial court's findings sufficient to support the adjudication of neglect. The trial court found that respondent-mother had taken her three children to live with the grandmother because she could no longer care for them. A social worker confirmed that respondent-mother's residence was not suitable, as respondent-mother allowed her dogs and cats to urinate and defecate inside. Additionally, the residence did not have electricity, respondent-mother did not have income to

restore it, and she also had been evicted from her previous apartment.

In addition to the problems with her home, the trial court's findings show that respondent-mother failed to provide her children with medical care, despite having Medicaid coverage for them. At the time of the petition, the children had not seen a physician in a year and were behind on their vaccinations. While acknowledging that her children were not up to date on vaccinations, respondent-mother informed the social worker that her animals were up to date on their shots. Additionally, the grandmother needed to take Scott to the emergency room and had difficulty obtaining treatment because respondent-mother failed to make appropriate arrangements for his care.

Lastly, the trial court found that respondent-mother was interfering with the children's placement. She was hostile to her mother and threatened to remove the children. Respondent-mother's hostility culminated in an incident on 6 June 2013, during which respondent-mother attempted to forcibly remove the children and assaulted her teenage brother in the process. Based on the foregoing, we conclude that the trial court's findings of fact are sufficiently specific for this Court to

determine that the order is supported by competent evidence. *See Anderson*, 151 N.C. App. at 97, 564 S.E.2d at 602. We therefore reject respondent-mother's argument.

In her second argument, respondent-mother contends that the trial court erred by entering a dispositional order where there was no proper adjudication order. Because we affirm the trial court's adjudication, we need not address this argument.

Affirmed.

Chief Judge MARTIN and Judge ELMORE concur

Report per Rule 30(e).