An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1454

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014

In THE MATTER OF:

L.G.O., C.B.M.

Martin County

Nos. 12 JA 62-63

Appeal by respondent-mother from orders entered 22 October 2013 by Judge Christopher B. McLendon in Martin County District Court.  Heard in the Court of Appeals 11 June 2014.

*J. Edward Yeager, Jr., for petitioner-appellee Martin County Department of Social Services.*

*Rebekah W. Davis, for respondent-appellant.*

*Administrative Office of the Courts, by Appellate Counsel Tawanda N. Foster, for guardian ad litem.*

CALABRIA, Judge.

Respondent-mother  ("respondent")  appeals  from  orders adjudicating  L.G.O.  ("Logan")  and  C.B.M.  ("Carter") (collectively "the juveniles")[1] neglected juveniles.  We affirm.

---

[1] Pseudonyms are used throughout this opinion to protect the juveniles' privacy and for ease of reading.

After receiving reports that respondent had a substance abuse problem, the Martin County Department of Social Services ("DSS") filed a petition alleging that the juveniles were neglected on 6 December 2012. Specifically, DSS recounted instances where respondent was driving impaired, with Logan in the vehicle. The juveniles were subsequently taken into non-secure custody and placed with their respective fathers.

Adjudicatory and dispositional hearings were held on 27 August 2013. The juveniles were both adjudicated neglected. The trial court found that the juveniles had been in the physical custody of their respective fathers for nine months and were thriving in their care. The court concluded that it was in the best interests of the juveniles to place them in the custody of their respective fathers. Respondent was granted visitation rights and ordered not to be impaired or under the influence of any impairing substance while exercising visitation. Respondent appeals.

Respondent argues that the findings of fact do not support a conclusion that the juveniles were neglected. Specifically, respondent contends that there is insufficient evidence to support the trial court's findings of fact regarding her alleged substance abuse and Logan's physical health. We disagree.

"Neglected juvenile" is defined in N.C. Gen. Stat. § 7B-101(15) as "[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; . . . or who lives in an environment injurious to the juvenile's welfare[.]" N.C. Gen. Stat. § 7B-101(15) (2013). To sustain an adjudication of neglect, this Court has stated that the alleged conditions must cause the juvenile some physical, mental, or emotional impairment, or create a substantial risk of such impairment. *See In re Safriet*, 112 N.C. App. 747, 752, 436 S.E.2d 898, 901-02 (1993). N.C. Gen. Stat. § 7B-101(15) "affords the trial court some discretion in determining whether children are at risk for a particular kind of harm given their age and the environment in which they reside." *In re N.G.*, 186 N.C. App. 1, 8-9, 650 S.E.2d 45, 50 (2007) (citation omitted). If the court finds that a child is neglected, then the court may also find that any other child residing in the same home is also neglected. *In re C.M.*, 198 N.C. App. 53, 65-66, 678 S.E.2d 794, 801 (2009).

"The role of this Court in reviewing a trial court's adjudication of neglect and abuse [and dependency] is to determine (1) whether the findings of fact are supported by clear and convincing evidence, and (2) whether the legal

conclusions are supported by the findings of fact[.]" *In re T.H.T.*, 185 N.C. App. 337, 343, 648 S.E.2d 519, 523 (2007) (citation omitted). "If such evidence exists, the findings of the trial court are binding on appeal, even if the evidence would support a finding to the contrary." *Id.* (citation omitted). "The trial court's conclusions of law are reviewable *de novo* on appeal." *In re D.M.M.,* 179 N.C. App. 383, 385, 633 S.E.2d 715, 716 (2006) (citation omitted).

In the instant case, the trial court's findings demonstrate that respondent was driving under the influence of an impairing substance on two separate occasions when one of her children was with her in her car. However, respondent contends the evidence was insufficient to support the trial court's findings. First, respondent contends that there was insufficient evidence to support a finding that she was driving while impaired on 16 November 2012. Specifically, respondent claims that Trooper Steven Bryant ("Trooper Bryant") of the North Carolina State Highway Patrol ("NCSHP") was dishonest when he testified that respondent was impaired when he stopped her vehicle. The trial court found that respondent was stopped at a driver's license checkpoint in Washington, North Carolina around 11:00 p.m. on 16 November 2012 with Logan in the car. At the hearing, Trooper

Bryant testified that she was "unsteady on her feet, in a daze, and unresponsive to questioning by the Trooper who stopped her." Respondent was in possession of controlled substances, including some that were not packaged in her name, and was under the influence of some impairing substance. Respondent asserts that Trooper Bryant had no personal knowledge of the stop because another officer actually handled the stop.

Assuming, *arguendo*, that Trooper Bryant's testimony should have been stricken, we note that NCSHP Sergeant Brandon Craft also testified that respondent was, in his opinion, impaired. *See In re Whisnant*, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984) (it is the trial judge's duty to "weigh and consider all competent evidence, and pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn therefrom."). Thus, we conclude that the trial court did not err when it found that respondent was driving while impaired on 16 November 2012.

Second, respondent contends there was insufficient evidence that she was impaired when she drove to the Martin County Medicaid Office on 3 December 2012 with Logan. However, Anna Manning ("Manning"), an income and family maintenance caseworker for Family and Children's Medicaid in Martin County, testified

that respondent "was very unstable, unsteady on her feet. Her speech was slurred. Her eyes looked weak-looking [sic], and her speech was, kind of, like thick-tones [sic] and very slow. She acted confused." In Manning's opinion, respondent was impaired. While respondent attempts to provide other alternatives for her conduct and appearance on 3 December 2012, the trial court was free to reject any evidence to the contrary and give greater weight to Manning's testimony. Although the trial court did not find that either juvenile suffered any injury or impairment from respondent's actions on these occasions, we conclude that the trial court did not err when it found that respondent was impaired.

Third, respondent argues that the evidence does not support findings that she was "obtaining prescriptions for a large number of controlled substances from different doctors, randomly[,] and without regard to the proper treatment of a medical condition[.]" Further, respondent contends the evidence does not support a finding that she "exceeded the amount of pain medication recommended by her doctor[.]" The trial court found that respondent had prescriptions for various controlled substances and her prescription record indicated a substantial use of controlled substance pain medication. However, neither

finding of fact states what respondent suggests. The two findings merely state that respondent possessed and used a substantial amount of controlled substances. Respondent does not contend that the evidence fails to support the trial court's findings of fact as stated.

Fourth, respondent challenges the trial court's findings that Logan suffered from scabies, lice, and body sores. Respondent claims that this finding was taken from Logan's father's testimony, and notes that social workers, babysitters or preschool staff had not previously noticed these afflictions. Nevertheless, respondent concedes that Logan's father's testimony supports this finding of fact. Thus, this finding of fact is binding on appeal. *In re D.M.M.*, 179 N.C. App. at 385, 633 S.E.2d at 716.

Each of respondent's contested findings are supported by competent evidence. Therefore, we conclude that the evidence presented to the trial court, as well as the trial court's findings of fact, support a conclusion that the juveniles were at substantial risk of injury or impairment. *See In re Safriet*, 112 N.C. App. at 752, 436 S.E.2d at 902 (the juvenile need not suffer physical, mental, or emotional impairment, but only be at substantial risk of impairment). Moreover, as noted by the

finding of fact concerning Logan's physical ailments, it is clear that at least one of the juveniles suffered physical harm due to respondent's neglectful behavior. Accordingly, we hold the trial court did not err by adjudicating both Logan and Carter neglected juveniles. Respondent's arguments are without merit.

Respondent finally argues that the trial court's dispositional order should be reversed because the trial court failed to hold a proper hearing, and there was no competent evidence to support the court's dispositional findings. We disagree.

Following an adjudication of neglect, abuse, or dependency, the court proceeds to the dispositional stage. At the dispositional hearing, the trial court must make a determination based on the best interests of the child, and the trial court's decision will not be overturned absent an abuse of discretion. *In re Dexter*, 147 N.C. App. 110, 114, 553 S.E.2d 922, 924-25 (2001). Although adjudicatory and dispositional hearings require the application of different evidentiary standards at each stage, there is no requirement that the adjudicatory and dispositional hearings be conducted at two separate times. *In re O.W.*, 164 N.C. App. 699, 701, 596 S.E.2d 851, 853 (2004). In

fact, "[t]he dispositional hearing may be informal and the court may consider written reports or other evidence concerning the needs of the juvenile." N.C. Gen. Stat. § 7B-901 (2013).

At the adjudication stage in the instant case, the court heard evidence concerning respondent's substance abuse and the condition of the juveniles upon their placement with their respective fathers. At the conclusion of the adjudicatory hearing, the court then received the *guardian ad litem* and DSS reports into evidence. The DSS report raised concerns regarding respondent's cooperation with DSS and failure to complete treatment programs. The DSS report also noted that both juveniles were "happy and content in their current placements with their respective fathers." Since the trial court considered the reports and the evidence, we hold that the trial court held a proper dispositional hearing. Furthermore, there was competent evidence upon which the court could determine the best interests of the juveniles. Accordingly, we affirm.

Affirmed.

Judges STROUD and DAVIS concur.

Report per Rule 30(e).